1897. AUGUSTA SOUTHERN RAILROAD CO. *v.* CARROLL.

1. A railroad company is not required to slow up or to check its trains when an animal is seen near the track in a place of safety, unless the animal is apparently approaching the track, or there is apparent danger that, through fright or otherwise, it will get on the track. Only when the engineer sees, or by the exercise of ordinary diligence could see, that an animal in proximity to the track is in danger of getting on it in front of the moving train is he charged with the duty of exercising all reasonable diligence to check the train and to avoid killing or injuring the animal.

2. The presumption of negligence arising from proof of the killing was fully rebutted; and there is no evidence to support the verdict against the railroad company.

Appeal; from Glascock superior court—Judge Meadow. April 21, 1909.

Submitted June 28,—Decided December 10, 1909.

*Joseph B. & Bryan Cumming, B. F. Walker,* for plaintiff in error. *J. C. Newsome, E. P. Davis,* contra.

HILL, C. J. Mrs. Mary Carroll sued the Augusta Southern Railroad Company for the value of a horse killed by the running of one of its trains; the jury found a verdict in her favor; and, the company's motion for a new trial being overruled, it brings error. No specific assignment of error of law is made. The only question involved is whether, under the facts and the law applicable thereto, the recovery was authorized. The killing of the horse was clearly shown, and the statutory presumption of negligence was thus raised against the company. It is insisted by the plaintiff in error that this presumption was fully rebutted by the evidence in its behalf. The engineer who was in charge of the train testified, that as he came around the curve, going west and running from about thirty to thirty-five miles an hour, he noticed in a lane, about 50 yards from a cut in the track, a horse and colt grazing. Neither the horse nor the colt seemed to be paying any attention to the running

of the train. He states that as he got a little nearer the horse, however, it raised its head and looked as if it was going to start towards the track and did start towards the track; that immediately upon seeing this, he applied the emergency brake, reversed the engine, and reached for the whistle cord, but, before he could get it, another employee of the company, upon the locomotive, had commenced sounding the cattle alarm, and continued to do so. Although the train responded to the effort to stop, it did not do so in time to prevent striking the horse, which had run upon the track, and did not come to a full stop until the engine was 40 or 50 feet beyond where the horse lay on the side of the track. The evidence of the engineer as to the foregoing facts was fully corroborated by the fireman and the train dispatcher, who was riding on the engine, in so far as the facts were within their knowledge; and it is practically uncontradicted by any of the witnesses for the plaintiff. It is true that one of the witnesses for the plaintiff testified, that in his opinion the horse got on the track from 150 to 200 yards in front of the train, and that there was nothing to prevent its being seen by the engineer in charge of the train at this distance; giving rise to the inference that the engineer might have been able to stop his train in time to prevent the killing. There is nothing more unreliable than mere opinions and estimates of time and distance. No two persons will probably give the same opinion as to the length of time between two events, or as to the distance between two points; and the Supreme Court, in the case of the *Central Ry. Co.* v. *Waxelbaum,* 111 *Ga.* 812 (35 S. E. 645), has declared that mere differences of opinion among the witnesses as to time, distances, or range of vision, etc., do not involve questions of credibility, or produce conflict as to the actual facts of the occurrence. Here we have the uncontradicted testimony of the engineer, corroborated by the testimony of the fireman and the train dispatcher, so far as they knew the facts, that he did all in his power to check the train and to prevent the killing of the horse, as soon as he saw that the horse was frightened by the running of the train and that there was apparently some danger of its running on the track. It seems to us that this positive testimony is not only sufficient to overcome the legal presumption of negligence, but is sufficiently strong and convincing to withstand inference of negligence arising from any mere opinion or estimate given by the witnesses for the plaintiff as to the distance

from the engine to where the horse got on the track and could have been seen on the track by the engineer before it was struck. Even as to the question of distance between the running train and the horse on the track, the opinions of the witnesses for the plaintiff vary, and one witness, apparently disinterested, contradicts himself on this question, stating in one place that the horse was 40 or 50 yards from the train when it ran on to the track, and in another place stating that the horse, when it started down the track, was 150 or 200 yards from the train and was trotting. The question of distance between the train and the horse when it first got on the track is of little probative value as against the positive testimony of the engineer that as soon as he saw the horse, apparently frightened and approaching the track, he threw on the emergency brake and did all he could to stop the train and avoid the accident. Nowhere in the evidence is there any suggestion that the engineer omitted not only to exercise all ordinary care, but to do all that he could do to prevent the injury, from the very moment he saw the apparent danger; nor is there any suggestion that he was not on the alert to see the danger, and did in fact see it the very moment that it became apparent. We are clearly of the opinion not only that the presumption of negligence was fully rebutted, but that there is no evidence in the case which tends to show that the engineer in charge of the train did not exercise to the fullest degree the duty of diligence which the law imposed upon him. When the engineer first saw the horse it was in a place of safety, some distance from the track, giving no indication of fright by the approach of the train, and there was nothing then to indicate that the horse would become frightened and attempt to run towards the track or upon it; and certainly the law did not require the engineer, under these circumstances, to anticipate that the horse would become frightened and would run towards the track. A railroad company is not negligent in failing to slow up or check its trains when an animal is seen near its track in a place of safety, unless the animal is apparently approaching the track; in which latter event the engineer is required to exercise all due diligence to avoid any injury to the animal. In this country, where stock are allowed to run at large with nothing to prevent their getting on the track, if the railroad company were required by law to check its train and run slowly and cautiously, with the engine in thorough control of the engineer and

capable of being stopped in a few feet whenever an animal was seen near the track, the rapid transportation of passengers would be impossible, and the commercial interests of the country would be greatly retarded. In the case of *Southern Ry. Co.* v. *Eubanks,* 117 *Ga.* 221 (43 S. E. 487), it was held that, even in the case of a child on the right of way of the company, near its track, and who was apparently not intending to get on the track, the engineer, in the exercise of ordinary care, was not called upon to anticipate that the child would attempt to cross the track immediately in front of the engine, but was authorized to act on the belief that the child would remain where it was until the train had passed. We think the principle there announced is applicable to the facts of the case now under consideration. In our opinion the verdict in this case is without any evidence to support it, and should be set aside as contrary to law. *Judgment reversed.*