*E. K. Overstreet,* contra.

---

## 7331. WAKEFIELD *v.* LEE.

BROYLES, J. 1. An assignment of error upon the refusal of the court to award a nonsuit will not be considered, where thereafter the case proceeded to a verdict in favor of the plaintiff, and the defendant's motion for a new trial, to the overruling of which exception is taken, includes the ground that the verdict was contrary to the evidence and without evidence to support it.

2. The law as to nominal damages was not involved in this case, and the court did not err in failing to charge upon that subject. If the plaintiff had a right to recover at all for the killing of his cow, he was entitled to recover its full value.

3. A complaint that the verdict is contrary to the charge of the court is merely a variation of the general ground that the verdict is contrary to law, and presents no question for review. *McKelvin* v. *State,* 17 *Ga. App.* 413 (87 S. E. 150), and citations.

4. The court, having fully instructed the jury upon the subject of negligence, did not err in failing to define the term "negligence," in the absence of a timely written request to do so. *Western Union Telegraph Co.* v. *Ford,* 10 *Ga. App.* 606 (5), 621 (74 S. E. 70).

5. This was an action for damages for the negligent killing of a cow. The evidence showed that the defendant was by permission cutting down a tree in the plaintiff's pasture, which was a comparatively open field and contained nothing to obstruct the defendant's view of the many cows grazing therein; that the tree was about six inches in diameter and something like fifteen or twenty feet high, and had a two-inch hollow in it; that the defendant was an experienced tree-cutter, and that he first cut the tree, in the usual manner, on the side on which he expected the tree to fall, and where under natural conditions it would have fallen; that he then cut on the other side of the tree all but an inch and a half, which was the usual and proper method of cutting a tree; that suddenly "a whirlwind or something of the kind" came up and blew the tree over in a different direction from the way it would naturally have fallen; that immediately he grabbed the tree, but it crushed him to the ground, and hit the cow on the horn, dislocating its neck and killing it; that when he had the tree about half cut down he saw the cow about one hundred and fifty feet away, and it was stand-

ing still, eating a bush; that he had no idea this cow had moved nearer the tree, or that the tree would fall in the direction it did; if it had fallen in the natural direction it would not have struck the cow; in all his experience as a tree-cutter he never knew a tree to fall opposite to the way it was cut, except this one; *when the tree was ready to fall he did not look around to see if any cow was near,* although he admitted that when he commenced cutting trees in the pasture that day he saw many cows grazing around. The plaintiff, however, testified that he had known trees to fall in a different direction from that in which they were cut, and that "hollow trees often do this; they will fall the way they lean, or the way the heaviest branches are, very often." *Held:* The foregoing evidence authorized the jury to find that the killing of the cow was due to the negligence of the defendant. He was a mere licensee on the premises of the plaintiff, and should have used ordinary care (especially when he found that the tree was hollow, and therefore liable to fall in any direction) to see whether or not the cow, which he had previously noticed to be only one hundred and fifty feet away, had moved near enough to be in any danger from the falling tree. It is well known that cows, when they are grazing in a pasture, do not stand permanently in one spot, but have a habit of moving about from place to place. If, just before the tree was ready to fall, the defendant had looked around, he could have seen that the cow was near enough to be in danger, and could have driven her off to a safe position, and so have prevented the killing.

6. The court did not err in overruling the motion for a new trial.

*Judgment affirmed.*

DECIDED OCTOBER 4, 1916.

Appeal; from Greene superior court—Judge Park. February 3, 1916.

*Noel P. Park,* for plaintiff in error.

*Lewis, Davison & Lewis,* contra.