## 22657. SOUTHERN RAILWAY COMPANY v. RUSSELL.

SUTTON, J. 1. Where plaintiff's dog was eating on the carcass of a cow lying within three or four feet of the track of the defendant railway company, near a private crossing, and a freight-train of the defendant, at a speed of about thirty-five miles an hour, approached the place where the dog was eating, at which speed the train could not have been stopped within ten or fifteen feet by the engineer, and there was nothing to indicate that the dog was about to cross the track, and where the dog suddenly, when the train was within ten or fifteen feet of him, ran across the track in front of the approaching train and was killed, the railway company was not liable to the owner of the dog for its value, and a verdict in the plaintiff's favor was unauthorized. See *Southern Railway Co.* v. *Eubanks*, 117 *Ga.* 217 (43 S. E. 487); *Augusta Southern R. Co.* v. *Carroll*, 7 *Ga. App.* 138 (66 S. E. 403).

2. The decision in *Alabama Great So. R. Co.* v. *Buchannon*, 35 *Ga. App.* 156 (132 S. E. 253), relied on by counsel for the plaintiff, was based on section 2780 of the Civil Code (1910), and was rendered prior to the decision of the Supreme Court of the United States in *W. & A. R. Co.* v. *Henderson*, 279 U. S. 639 (49 Sup. Ct. 445, 73 L. ed. 884), wherein this section of the code was held to be unconstitutional and void. See *Wadley Southern Ry. Co.* v. *Faglee*, 173 *Ga.* 814 (161 S. E. 847); *Holmes* v. *Georgia Power Co.*, 44 *Ga. App.* 588 (162 S. E. 403); *Central of Georgia Ry Co.* v. *Cooper*, 45 *Ga. App.* 806 (165 S. E. 858).

3. It follows that the judge of the superior court erred in refusing to sanction the petition for certiorari of the defendant railway company, complaining of the verdict and judgment rendered against it in the justice's court.

*Judgment reversed.* *Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 28, 1933.

*F. A. Cantrell, Maddox, Matthews & Owens,* for plaintiff in error. *Joseph M. Lang,* contra.