31173. GAINESVILLE MIDLAND RAILROAD COMPANY
*v.* FLOYD, administratrix.

DECIDED APRIL 3, 1946.

*Orrin Roberts, Dunlap & Dunlap, William P. Whelchel,* for plaintiff in error.

*A. M. Kelly, B. F. Whelchel,* contra.

FELTON, J. ■ Where a motion to nonsuit is overruled, and the exception to such ruling is not preserved in the lower court, such ground of exception cannot be considered by this court in a motion for new trial (*Dixie Manufacturing Co.* v. *Ricks,* 153 *Ga.* 364, 112 S. E. 370) ; nor will an assignment of error upon the refusal to award a nonsuit be considered where, after the case has

proceeded to a verdict in favor of the plaintiff, and the defendant's motion for new trial, to the overruling of which exception is taken, includes the ground that the verdict is contrary to the evidence and without evidence to support it. *Wakefield* v. *Lee*, 18 *Ga. App.* 648 (90 S. E. 224); *Atlantic Coast Line R. Co.* v. *Blalock*, 8 *Ga. App.* 44 (68 S. E. 743).

██ Headnotes 2 and 3 require no amplification.

█ This case is an action for damages for the death of the plaintiff's husband, alleged to have resulted from the negligence of the defendant railroad company. The death resulted from the operation of its engine and cars. The evidence showed the known facts concerning the tragic occurrence. The principal exception is to the charge of the court, to the effect that proof of injury by the operation of the cars made out a prima facie case for the plaintiff, which could be rebutted by the defendant by proof of one of three things: that its officers, agents, or employees were in the exercise of ordinary care on that occasion and were not negligent; or that the person killed brought about his death or injury by his own carelessness amounting to a failure to exercise ordinary care; or that the deceased, by the exercise of ordinary care, could have avoided the consequences of the defendant's negligence. The exception is that the instruction was in effect a charging of the Code of 1910, § 2780, which the Supreme Court of the United States has held unconstitutional. In the former opinion in this case, we held that the charge here did not have the effect of telling the jury that it could weigh the presumption stated in the Code, § 66-401, against evidence, and therefore that the charge was not error for the reason assigned. Being doubtful, we granted a rehearing for the opportunity to study the question further. Additional investigation has revealed that this court and the Supreme Court have held that, where the defendant introduces evidence which the jury would be authorized to find exonerates the defendant, it is error, under the ruling of the Supreme Court of the United States, to charge that proof of injury by the running of the cars of the defendant makes a rebuttable prima facie case. *Seaboard Air-Line Co.* v. *Fountain*, 173 *Ga.* 593 (160 S. E. 789); *Central of Georgia R. Co.* v. *Cooper*, 45 *Ga. App.* 806 (165 S. E. 858); *Georgia Power Co.* v. *Braswell*, 48 *Ga. App.* 654 (173 S. E. 763). Therefore we conclude that the exception reaches the

error in the charge, and that the judge erred in charging the jury as he did on this question.

The judgment overruling the motion for new trial is
_Reversed. Sutton, P. J., and Parker, J., concur._