31538. POWELL *et al.,* receivers, *v.* ROGERS.

DECIDED MAY 9, 1947.

*M. W. Eason, Anderson, Connerat, Dunn & Hunter,* for plaintiffs in error.

PARKER, J. W. H. Rogers sued L. R. Powell and Henry W. Anderson, as receivers of the Seaboard Air-Line Railway Company, in a justice's court, to recover damages in the sum of $50 for the killing of a hog "by the negligence of the agents, servants and employees of defendants." The defendants denied that they were indebted to the plaintiff for the killing of the hog; denied that their agents, servants and employees were negligent in the operation of the train by which said hog was killed; and averred that "their train was being operated in a proper and legal manner, and that said hog ran in front of said train and that defendants, their agents, servants and employees could not avoid striking said hog after the said hog ran onto the tracks in front of said train."

The justice's court rendered a judgment in favor of the plaintiff for $30. The case was then carried to the-superior court by certiorari and the judge of that court overruled the certiorari and denied the defendants a new trial; and to that judgment the defendants excepted.

The plaintiff testified that a described hog of the value of $40 owned by him was killed by a train of the railway company. Other witnesses for the plaintiff testified to the value of the hog and that they saw the hog the day after she was killed lying on the left side of the track between the main line and side track, and that "Anything on the track [at that place] could be seen for a couple of hundred yards," but there was no evidence for the plaintiff as to just how the hog was killed. This testimony was prima facie evidence of the want of reasonable skill and care on the part of the servants of the railroad company, in reference to such injury, as provided by the Code, § 94-1108. Upon proof that the hog was killed by the operation of a train of the railway company, the presumption arose that the hog's death was caused by the negligence of the defendants. But this presumption was rebuttable. *Parrish* v. *Southwestern R. Co.,* 57 *Ga. App.* 847 (197 S. E. 66) ; *Macon, Dublin & Savannah R. Co.* v. *Stephens,* 66 *Ga. App.* 636 (19 S. E. 2d, 32).

While neither the engineer nor the fireman were offered as witnesses, Herbert Tootle testified for the defendants in part as follows: "I saw the train coming, and just as it blew for the crossing the hog ran across the railroad track and the train ran over it. . . I imagine I was fifty feet or further from the hog when it was killed. . . I heard the train blowing for the crossing and the hog was then, when I first saw her, on the right hand side practically on the side track. I was watching the sow and the train was blowing; the train was about twenty-five or thirty feet from the hog. . . I don't see how the engineer could have done anything to keep from hitting the hog. The hog crossed the track directly in front of the engine. . . The sow ran across the track right in front of the engine and the engine hit her. . . Yes, I would say it was impossible for the engineer to have done anything to have prevented the accident." Mrs. Ruth Hodges, a witness for the defendant, testified in part as follows: "I saw the hog and some other hogs feeding just beyond the end of the depot. The train was blowing at about the crossing. This sow tried to run across the track in front of the train. . . About the time the train was at the crossing the hog ran across the track. . . The hog was not on the track until the train was about the crossing and blowing and then she ran ahead

of the train and was killed." These two persons were the only witnesses offered by either side who saw the hog at or about the time she was killed, and who knew how the killing occurred. There was other evidence by the section foreman for the defendants tending to prove their contentions. We think the evidence of the two eyewitnesses was sufficient to rebut the presumption against the defendants, and that the verdict for the plaintiff was not authorized as a matter of law. See *Jones* v. *Powell*, 71 *Ga. App.* 202 (30 S. E. 2d, 446). It follows that the superior court erred in not granting the certiorari.

Judgment reversed. Sutton, C. J., and Felton, J., concur.