32439. ATLANTIC COAST LINE RAILROAD COMPANY
*v.* MARTIN.

DECIDED APRIL 29, 1949.

*J. T. Grice, Bouhan, Lawrence & Williams*, for plaintiff in error.

*W. F. Mills*, contra.

Sutton, C. J. (After stating the foregoing facts.) On the trial of an action against a railroad for damages done to persons and property, proof of injury inflicted by the running of locomotives or cars is prima facie evidence of the want of reasonable care and skill on the part of servants of the railroad in reference to such injury. Code, § 94-1108. This is only a rule of evidence. *Western & Atlantic Railroad* v. *Gray*, 172 *Ga.* 286 (12) (157 S. E. 482). The presumption thus created is overcome by the introduction of evidence of the exercise of reasonable care and skill on the part of servants of the railroad at the time and place in question, and this evidence cannot be arbitrarily disregarded; but, in the absense of any evidence to discredit or contradict this evidence of ordinary and reasonable care and skill on the part of the servants of the railroad, and in the

absence of any evidence of negligence on the part of the servants of the railroad, at the time and place in question, it is controlling, and a verdict in favor of the plaintiff is not authorized. *Southern Ry. Co.* v. *Russell,* 46 *Ga. App.* 772 (169 S. E. 245); *Savannah & Atlanta Ry. Co.* v. *DeBusk,* 68 *Ga. App.* 529 (23 S. E. 2d, 529); *Jones* v. *Powell,* 71 *Ga. App.* 202 (30 S. E. 2d, 446). Code § 94-1108 was codified from the act of 1929 (Ga. L. 1929, p. 315). For rulings to the same effect made prior to the act of 1929, see *Macon & Augusta Railroad* v. *Newell,* 74 *Ga.* 809; *Georgia R. & Bkg. Co.* v. *Wall,* 80 *Ga.* 202 (7 S. E. 639); *Central of Georgia Ry. Co.* v. *Neidlinger,* 110 *Ga.* 329 (35 S. E. 364); *Southern Ry. Co.* v. *Cook,* 121 *Ga.* 416 (49 S. E. 287); *Western & Atlantic R. Co.* v. *Clark,* 121 *Ga.* 419 (49 S. E. 290); *Augusta Southern R. Co.* v. *Carroll,* 7 *Ga. App.* 138 (66 S. E. 403); *Macon, Dublin & Savannah R. Co.* v. *Hamilton,* 9 *Ga. App.* 254 (70 S. E. 1126); *Atlantic Coast Line R. Co.* v. *Whittaker,* 10 *Ga. App.* 207 (73 S. E. 34); *Atlantic Coast Line R. Co.* v. *Cox,* 11 *Ga. App.* 384 (75 S. E. 268); *Whiddon* v. *Atlantic Coast Line R. Co.,* 21 *Ga. App.* 377 (2) (94 S. E. 617); *Atlantic Coast Line R. Co.* v. *Martin,* 33 *Ga. App.* 176 (125 S. E. 778).

The plaintiff and one other witness in his behalf testified as to the killing of the cow, which was admitted by the engineer, who testified as to the facts of the occurrence; his testimony being that he did not see the cow until it was within 8 feet of the track, moving toward the track, and the locomotive was only 50 feet away; that he was looking ahead constantly; that it was dark; that the headlights were adjusted to shine on the roadbed, not below it; that the cow was coming up a little 3 to 5 foot fill and ran onto the track; that he sounded the cattle warning and applied the brakes; but that there was no way to stop the train in time to avoid hitting the cow. There is no evidence which in any way contradicts this testimony. The engineer also testified that at the time of this occurrence in July the foliage alongside the tract was higher and greener than at any other time between July and September. When recalled as a witness after the engineer had testified, the plaintiff testified that there was not enough foliage to hide an ordinary dog, and also testified that he did not know how the lights on the train

were, in shining on the side, and that under the conditions he would not say how far the engineer could see the cow. There is no material conflict in the testimony of the engineer and that of the plaintiff as to the actual facts of the killing of the cow in this case. What was done by the engineer, in the exercise of ordinary care to avoid hitting the cow, is entirely uncontradicted, and in no way discredited. There is no evidence of negligence on the part of the defendant railroad and its servants. Under these facts and the law applicable thereto, the verdict for the plaintiff was unauthorized, and the trial judge erred in overruling the defendant's motion for a new trial.

The case of *Central of Georgia Ry. Co. v. Grace*, 46 *Ga. App.* 101 (166 S. E. 684), cited and relied upon by the defendant in error, is distinguishable on its facts from the present case. In that case there was a sharp conflict in the material evidence, the engineer and the fireman testifying that they were looking ahead and did not see the cow until about 200 feet away, that it would take about 300 feet to stop the train, that the engineer did everything possible to avoid hitting the cow, and that it was difficult to see on that morning on account of cloudy and foggy weather, and on account of the woods being on fire creating a heavy smoke, and the plaintiff testifying that the morning was clear and bright, and that there was no fog or smoke from burning woods. The cases of *Southern Ry. Co. v. Freeman*, 58 *Ga. App.* 403 (198 S. E. 717, and *Savannah & Atlanta Ry. Co. v. DeBusk*, supra, cited by the defendant in error, do not authorize or require a ruling in the present case different from the one here made.

*Judgment reversed. Felton and Parker, JJ., concur.*