## 32515. ATLANTIC COAST LINE RAILROAD COMPANY v. HODGES.

DECIDED JULY 8, 1949.

*J. T. Grice, Bouhan, Lawrence & Williams,* for plaintiff in error.

*W. F. Mills,* contra.

WORRILL, J.  As stated by counsel for the plaintiff in error, the sole question presented by the motion for new trial and the bill of exceptions is whether or not the evidence was sufficient to support the verdict for the plaintiff.  Since the plaintiff introduced no direct evidence of the actual killing of the. cow by the defendant, and relied on the circumstances under which the cow was found to establish the necessary elements of his case, it is apparent that he relied also on the Code, § 94-1108.  This Code section states that in all actions against railroad companies for damages for injury to persons or property, proof of the injury inflicted by the running of locomotives or cars of such companies shall be prima facie evidence of want of reasonable skill and care on the part of the servants of the companies in reference to such injury.  This rule has been held to be merely a rule of evidence *(Western & Atlantic R.* v. *Gray,* 172 *Ga.* 286 (12), 157 S. E. 482; *Atlantic Coast Line R. Co.* v. *Martin,* 79 *Ga. App.* 194, 53 S. E. 2d, 176), so that the presumption thus created is overcome by the introduction by the defendant of evidence of the exercise by it or its servants operating the train of reasonable skill and care in the performance of their duties at the particular time and place in question.  Such evidence on behalf of the railroad cannot arbitrarily be disregarded in the absence of any evidence to discredit or contradict it *(Atlantic Coast Line R. Co.* v.

*Martin,* supra), so that in this case the evidence of the defendant alone, unopposed by any presumption in favor of the plaintiff, must be looked to in order to see whether the verdict is supported by the evidence. Does the evidence in this case show that the defendant's servants were in the exercise of reasonable care and skill in the operation of the train at the time it struck and killed the plaintiff's cow?

The engineer and fireman operating the diesel engine both testified that they saw the cow in a place of safety, and that she did not start upon the tracks until the engine was so close to her that it would have been impossible to have materially slowed the train, much less stopped it before striking the cow. Taking this uncontradicted testimony to be true, it seems that there are only two possible ways in which it could be asserted that the defendant was negligent, first in operating the train at the speed of 75 miles per hour, and second, in failing to apply the brakes when it became apparent that the cow was about to go upon the tracks.

No statute regulating the speed of trains in this State at points other than public crossings has been called to our attention, and so far as we know there is none in the books. The general rule is that railroad companies may operate their trains at such speed as is consistent with their business and the requirements of safety due their passengers and the preservation of the property entrusted to their care for transportation. 44 Am. Jur., Railroads, § 585; Moody *v.* Texas & Pacific Ry. Co., 37 So., 2d, 346 (La.). It has been held in Georgia that it is not negligence to operate a train at a speed of 50 miles per hour insofar as persons and property not on or approaching public crossings are concerned. *Powell* v. *McClung,* 73 *Ga. App.* 388 (36 S. E. 2d, 820). "The law expects railroad companies to run their passenger trains on schedule, so far as they may be able to do so; and they are not ordinarily required, when it is foggy or raining, to reduce their trains to such a rate of speed as that the engineer may be in a position to discover livestock on the track in time to prevent injuring them." *Atlantic Coast Line R. Co.* v. *Thomas,* 10 *Ga. App.* 45 (72 S. E. 514). "A railroad company is not required to slow up or to check its trains when an animal is seen near the track in a place of safety, unless the animal is apparently ap-

proaching the track, or there is apparent danger that, through fright, or otherwise, it will get on the track. Only when the engineer sees, or by the exercise of ordinary diligence could see, that an animal in proximity to the track is in danger of getting on it in front of the moving train is he charged with the duty of exercising all reasonable diligence to check the train and avoid killing or injuring the animal." *Augusta Southern R. Co.* v. *Carroll,* 7 *Ga. App.* 138 (1) (66 S. E. 403). While no Georgia case enunciating the general rule as set forth above has been called to our attention, we think that it is reasonable to deduce from those cases cited above that the general rule is of force in this State. Therefore, we do not think it can be said that the operation of the train at a speed of 75 or 85 miles per hour under the circumstances of this case was negligence as regards the plaintiff's cow which was near the track and apparently in a place of safety, and when first seen, not approaching the track. *Southern Ry. Co.* v. *Eubanks,* 117 *Ga.* 217 (43 S. E. 487).

As for the proposition with regard to the failure of the engineer to apply the brakes, the engineer testified that he did not do so, and we think the inference to be drawn from his testimony as a whole makes it clear that it would have been fruitless for him to have done so. The law compels no one to do vain or useless things, and for this reason we do not think the failure to apply the brakes under the circumstances was negligence. It being apparent, therefore, that the evidence did not warrant a finding that defendant's servants were guilty of negligence proximately resulting in the death of plaintiff's cow, it follows that the verdict for the plaintiff was not supported by the evidence and that a verdict for the defendant was demanded as a matter of law.

We think that this case is on all fours with and is controlled by the case of *Greenway* v. *Macon, Dublin & Savannah R. Co.,* 44 *Ga. App.* 541 (162 S. E. 168), where it was held, "The action being for damages on account of the killing of a cow by a railroad train, and it appearing from uncontradicted evidence, that the cow which was grazing on a bank beside the railroad track, suddenly jumped down the bank and went upon the track in front of the approaching train, and that the operators of the train could not have avoided killing her, the evidence demanded a

verdict for the railroad company." See *Southern Ry. Co. v. Russell*, 46 *Ga. App.* 772 (1) (169 S. E. 245); *Jones v. Powell*, 71 *Ga. App.* 202 (30 S. E. 2d, 446); *Powell v. Rogers*, 75 *Ga. App.* 165 (42 S. E. 2d, 573).

The court erred in overruling the motion for a new trial.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*