### 32554. ATLANTIC COAST LINE RAILROAD COMPANY v. SEARS.

MacINTYRE, P. J. 1. "The law expects railroad companies to run their passenger trains on schedule, so far as they may be able to do so; and they are not ordinarily required, when it is foggy or raining to reduce their trains to such a rate of speed as that the engineer may be in a position to discover livestock on the track in time to prevent injuring them." *Atlantic Coast Line R. Co.* v. *Thomas,* 10 *Ga. App.* 45 (72 S. E. 514).

2. Upon application of the above-stated principle of law, where, relying entirely upon the presumption of negligence against railroad companies, the plaintiff shows that one of his cows had been killed by the defendant company's train, and the presumption is overcome by the uncontradicted evidence of the engineer that the weather was so foggy that it was impossible for him to have seen the animal in time to avoid killing it, in the absence of anything to discredit or contradict such evidence a verdict was demanded for the railroad company. *Georgia Railroad & Bkg. Co.* v. *Wall,* 80 *Ga.* 202 (7 S. E. 639).

3. Where the plaintiff relies entirely upon the presumption of negligence arising against railroad companies by proof of injury to persons or property by the running of the defendant's trains or cars, and the defendant introduces evidence which the jury would be authorized to find exonerates the defendant, it is error to charge the jury that the burden is upon the defendant to show that the railroad company was not liable, that is, that the servants or employees of the company exercised all due and ordinary care and diligence on their part. *Georgia Power Co.* v. *Braswell,* 48 *Ga. App.* 654 (173 S. E. 763); *Gainesville Midland Railroad Co.* v. *Floyd,* 73 *Ga. App.* 661 (37 S. E. 2d, 725); *Seaboard Air-Line Ry. Co.* v. *Fountain,* 173 *Ga.* 593 (160 S. E. 789). For the foregoing reasons the court erred in overruling the motion for new trial.

*Judgment reversed. Gardner and Townsend, JJ., concur.*

DECIDED NOVEMBER 1, 1949.

*Wilson, Bennett, Pedrick & Bennett, H. J. Quincey,* for plaintiff in error.

*L. A. Hargreaves, Jack Knight,* contra.