1. "A railroad company is not required to slow up or to check its trains when an animal is seen near the track in a place of safety, unless the animal is apparently approaching the track, or there is apparent danger that, through fright or otherwise, it will get on the track. Only when the engineer sees, or by the exercise of ordinary diligence could see, that an animal in proximity to the track is in *Page 339 
danger of getting on it in front of the moving train is he charged with the duty of exercising all reasonable diligence to check the train and to avoid killing or injuring the animal." Augusta Southern Railroad Co. v. Carroll, 7 Ga. App. 138
(1) (66 S.E. 403).
2. Upon application of the above-stated principle of law, where it appeared from the uncontradicted evidence that a cow suddenly left a place of safety and dashed in front of an approaching train and the operators could not have avoided killing her, the evidence demanded a verdict for the railroad company. Greenway v. Macon, Dublin Savannah R. Co., 44 Ga. App. 541 (162 S.E. 168); Atlantic Coast Line R. Co.
v. Martin, 79 Ga. App. 194 (53 S.E.2d 176); Atlantic Coast Line R. Co. v. Hodges, 79 Ga. App. 563
(54 S.E.2d, 500).
3. Where the plaintiff relies entirely upon the presumption of negligence arising against railroad companies by proof of injury to persons or property by the running of the defendant's trains or cars, and the defendant introduces evidence which the jury would be authorized to find exonerates the defendant, it is error to charge the jury that the burden is upon the defendant to show that the railroad company was not liable, that is, that the servants or employees of the company exercised all due and ordinary care and diligence on their part. Georgia Power Co. v. Braswell, 48 Ga. App. 654
(173 S.E. 763); Gainesville Midland Railroad Co. v. Floyd, 73 Ga. App. 661 (37 S.E.2d 725); Seaboard Air-Line Ry. Co. v. Fountain, 173 Ga. 593
(160 S.E. 789). For the foregoing reasons the court erred in overruling the motion for new trial.
Judgment reversed. Gardner and Townsend, JJ.,concur.
 DECIDED NOVEMBER 1, 1949.