33783.   WRIGHT *v*. CENTRAL OF GEORGIA RAILWAY CO.

DECIDED MARCH 14, 1952.

*J. Walton Usher, Z. Vance Dasher,* for plaintiff.
*George W. Fetzer, Griffin B. Bell,* for defendant.

WORRILL, J. (After stating the foregoing facts.) Although the plaintiff did not prove any specific acts of negligence chargeable against the defendant, his evidence was sufficient to show that his cows were killed by the operation of the defendant's train, and thus make out a prima facie case. "In all actions against railroad companies for damages done to persons or property, proof of injury inflicted by the running of locomotives or cars of such companies shall be prima facie evidence of the want of reasonable skill and care on the part of the servants of the companies in reference to such injury." Code, § 94-1108. "The presumption thus created is overcome by the introduction of evidence of the exercise of reasonable care and skill on the part of servants of the railroad at the time and place in question, and this evidence cannot be arbitrarily disregarded; but, in the

absence of any evidence to discredit or contradict this evidence of ordinary and reasonable care and skill on the part of the servants of the railroad, and in the absence of any evidence of negligence on the part of the servants of the railroad, at the time and place in question, it is controlling, and a verdict in favor of the plaintiff is not authorized." *Atlantic Coast Line R. Co.* v. *Martin,* 79 *Ga. App.* 194, 195 (53 S. E. 2d, 176). The foregoing facts show that the uncontradicted testimony of the engineer, the only eyewitness to the accident, was that he was exercising reasonable care at the time of the accident and could not have avoided killing the cows. "The action being for damages on account of the killing of a cow by a railroad train, and it appearing, from uncontradicted evidence, that the cow, which was grazing on a bank beside the railroad track, suddenly jumped down the bank and went upon the track in front of the approaching train, and that the operators of the train could not have avoided killing her, the evidence demanded a verdict for the railroad company." *Greenway* v. *Macon, Dublin & Savannah R. Co.,* 44 *Ga. App.* 541, (162 S. E. 168). Since there is no conflict in the evidence, and it demanded a verdict for the defendant, the court did not err in directing such verdict.

There was a dissent in the division to which this case was originally assigned, and it was considered by the whole court as provided by the act approved March 8, 1945 (Ga. L., 1945, p. 232).

*Judgment affirmed. Sutton, C.J., Townsend and Carlisle, JJ., concur. Gardner, P. J., concurs in the judgment. Felton, J., dissents.*

FELTON, J., dissenting. The evidence did not demand a verdict for the railroad. The engineer saw the cows at least two hundred yards in front and fifty yards to the side. There were questions for the jury to decide: (1) whether the engineer was adequately keeping a lookout ahead while wiping his glasses; and (2) whether in the exercise of ordinary care he should have slowed down his train in order to give his signals, the sounding of the cattle gong and cylinder cocks, more time to frighten the cows from the track, or give them time to cross the tracks if the warnings did not avail. The engineer testified that he did not attempt to slacken the speed of the train.