34058. ATLANTIC COAST LINE RAILROAD CO. *v.* HODGES.

SUTTON, C.J. 1. Where, in an action against a railroad company to recover damages for the killing of the plaintiff's mule, it appeared from the evidence that the defendant's train, after passing through the Town of Brinson, struck the mule at least 300 feet beyond the corporate limits of said town and was then proceeding at a speed of 50 to 55 miles per hour, it was error to admit in evidence an ordinance of the Town of Brinson limiting the speed of trains within said town to 20 miles per hour, over the objection that the ordinance had no application to the operation of trains outside the Town of Brinson where the mule was

killed; and it was also error to charge the jury that the violation of said ordinance might be considered as a contention of the plaintiff that it was one of the proximate causes of the killing of the mule; for the ordinance in question was not to protect property located outside of the Town of Brinson, and hence raised no duty on the part of the defendant with regard to the plaintiff's mule which was outside the town (*Huckabee* v. *Grace*, 48 *Ga. App.* 621, 629, 173 S. E. 744; *Holland* v. *Sparks*, 92 *Ga.* 753 (1), 18 S. E. 990), and also because the ordinance could not diminish the defendant's right to operate its train at a speed of 50 to 55 miles per hour outside the town, so far as property not on or approaching a public crossing is concerned (*Powell* v. *McClung*, 73 *Ga. App.* 388, 36 S. E. 2d, 820; *Atlantic Coast Line R. Co.* v. *Hodges*, 79 *Ga. App.* 563, 566, 54 S. E. 2d, 500; *Louisville & N. R. Co.* v. *Rogers*, 136 *Ga.* 674 (2), 71 S. E. 1102).

2. As error was shown by special grounds 4 and 5 of the motion for a new trial, the trial judge erred in denying the motion, and the general grounds thereof need not be considered.

*Judgment reversed. Felton and Worrill, JJ., concur.*

Decided June 20, 1952.

*Peacock, Perry & Kelley, Asa D. Kelley Jr., Jesse W. Walters,* for plaintiff in error.

*Custer & Kirbo,* contra.