34339. ATLANTIC COAST LINE RAILROAD COMPANY *v.* CLEMMONS.

CARLISLE, J. 1. "Where it is shown that injury was inflicted by the running of a railroad train, a presumption of negligence arises against the railroad, but the presumption is overcome by evidence on behalf of the railroad showing the exercise of ordinary and reasonable care and skill, and, in the absence of any evidence to discredit or contradict this evidence or to show negligence on the part of servants of the railroad, it is controlling, and a verdict for the plaintiff is unauthorized." *Atlantic Coast Line R. Co.* v. *Martin*, 79 *Ga. App.* 194 (53 S. E. 2d, 176), and citations.

2. "'A railroad company is not required to slow up or to check its trains when an animal is seen near the track in a place of safety, unless the animal is apparently approaching the track, or there is apparent danger that, through fright or otherwise, it will get on the track. Only when the engineer sees, or by the exercise of ordinary diligence could see,

that an animal in proximity to the track is in danger of getting on it in front of the moving train is he charged with the duty of exercising all reasonable diligence to check the train and to avoid killing or injuring the animal.' *Augusta Southern Railroad Co.* v. *Carroll,* 7 *Ga. App.* 138 (1) (66 S. E. 403)." *Atlantic Coast Line R. Co.* v. *Sears,* 80 *Ga. App.* 338 (56 S. E. 2d, 129, 130), and citations.

3. Upon application of the above-stated principles of law, where it appeared from the evidence that the plaintiff relied entirely upon the presumption arising against railroad companies by proof that the railroad company killed his bull, and the defendant introduced the uncontradicted testimony of its engineer that he was keeping a constant lookout in front of his train, that he saw a herd of cattle about 30 or 35 feet away from the track at a time when the train was about 1000 feet away from the cattle, that at that time they were in a place of safety and gave no indication that they would approach the track, that his train was traveling at a speed of 59 miles per hour, and that, when the train was within 150 feet of the cattle, the plaintiff's bull ran upon the track, that he blew the whistle, rang the bell, but made no effort to stop the train as the speed of the train could not have been materially reduced within the distance of 150 feet— such evidence, in the absence of anything to discredit or contradict it, demanded a verdict for the defendant railway company, and the verdict in favor of the plaintiff was unauthorized. See, in this connection especially, *Wright* v. *Central of Georgia Ry. Co.,* 85 *Ga. App.* 654 (69 S. E. 2d, 902).

4. In view of the foregoing ruling upon the general grounds, it is unnecessary to consider the special grounds of the motion for a new trial, complaining of alleged errors in the charge of the court, for such errors —if they be errors—are not likely to recur upon the new trial.

*Judgment reversed. Gardner, P.J., and Townsend, J., concur.*

DECIDED NOVEMBER 12, 1952.

*Peacock, Perry & Kelley, Jesse W. Walters,* for plaintiff in error.

*Custer & Kirbo,* contra.

