36468. LOUISVILLE & NASHVILLE RAILROAD CO. *et al.* *v.* LOWE.

DECIDED JANUARY 24, 1957.

*Erwin Sibley,* for plaintiffs in error.

*J. Pierce Anderson,* contra.

QUILLIAN, J. 1. The defendants insist the petition is contra-

dictory in that it alleged the train was traveling in both an easterly and westerly direction. This contention is not well founded because the petition alleged the defendants were "operating a train on said tracks at a point approximately two miles in a westerly direction from the Town of James in Jones County, Georgia." This allegation merely located the train's position on the tracks and not the direction in which it was traveling. The petition then alleged the train was traveling in an "easterly direction from Macon, Georgia, and toward the Town of James, Georgia." This allegation established the direction in which the train was traveling and was not contradictory to the other.

2. The defendants further insist that the allegation that the "employees and crew" of the train should have seen the cows was not definite enough because it did not state which employees or crew should have done so or what authority they possessed. If the defendants wanted more certain information on this matter, they should have filed a special demurrer to this allegation. It is the office of a special demurrer to require the pleader to set out his cause of action with such definiteness, clarity and particularity as to enable the defendant to know the exact nature of the complaint and prepare himself to defend against it. *Richmond & Danville R. Co.* v. *Mitchell,* 95 *Ga.* 78 (22 S. E. 124) ; *Georgia, Southern & Florida Ry. Co.* v. *Williamson,* 84 *Ga. App.* 167, 175 (65 S. E. 2d 444).

3. The defendants further contend that the petition did not show that the defendants had breached any duty to the plaintiff because the cows were trespassing animals. The petition alleged that the defendants' crew had ample time to see the cattle and that they should have stopped the train in an effort to avoid striking them. When the engineer sees, or in the exercise of ordinary care could see, the animal on the tracks in front of the train, he is then charged with the duty to exercise reasonable diligence to check the train and avoid killing or injuring the animal. *Southern R. Co.* v. *Eubanks,* 117 *Ga.* 217 (43 S. E. 487) ; *Augusta &c. R. Co.* v. *Carroll,* 7 *Ga. App.* 138 (66 S. E. 403) ; *Southern R. Co.* v. *Russell,* 46 *Ga. App.* 772 (169 S. E. 245) ; *Powell* v. *Rogers,* 75 *Ga. App.* 165 (42 S. E. 2d 573).

The trial judge did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*