MAYOR AND COUNCIL OF MACON *v.* MELTON.

115  153
Case 2
115  375
115  153
Case 2
116  879

1. A petition which sets forth as a cause of action described conduct of the defendant may be amended by alleging additional consequences, with resulting damages, arising out of such conduct.
2. It is competent for a plaintiff to prove the material allegations of his petition when the legal sufficiency of the same is not challenged by a demurrer or motion in the nature thereof.
3. Instructions, even if not in all respects correct, afford no cause for a new trial when they are manifestly harmless to the party complaining of the same.

Submitted March 1,—Decided April 2, 1902.

Action for damages.  Before Judge Nottingham.  City court of Macon.  April 22, 1901.

*Minter Wimberly*, for plaintiff in error.
*Crump & Guerry* and *Dessau, Harris & Harris*, contra.

LUMPKIN, P. J.   This was an action by Melton against the Mayor and Council of the City of Macon, on the trial of which he obtained a verdict for $217.25, and the defendant brought the case here for review.   The petition alleged that the plaintiff was, for a stated term, the lessee of described premises in the City of Macon, having a storehouse thereon; that he conducted upon these premises a wagon-yard and blacksmith business; that the municipal authorities, by raising the grade of a street in front of the property, had cut off ingress to and egress from the same, to the plaintiff's damage; that by reason of these facts he had for a time specified been unable to carry on business on the leased property, for which he was paying rent at the rate of $75 per month; that he had consequently lost that sum monthly for three and one half months, and that he had also sustained damages during the same period in the loss of his own services, which were worth $100 per month, and had been further damaged by reason of the fact that he had to pay to employees during that period specified sums of money. Attached to the petition was an exhibit setting forth all of these items amounting to $840.50.   By an amendment to the petition, which the court allowed, plaintiff alleged: "That by reason of the said wrongful acts of defendant and the changing of said grade, the said storehouse in which petitioner had a leasehold estate became utterly useless by reason of said wrongful acts of said defendant, and worthless for rent or occupation, by which petitioner was actually deprived of the entire use of his property; that said property was worth $75 per month for rent, and by reason of said wrongful acts the said leasehold estate became and was utterly worthless for rent or occupation, by which petitioner lost and was damaged to the amount of seventy-five dollars per month for three and one half months."   The allowance of this amendment was objected to, but there was no demurrer to the original petition, nor to the same as amended.   We will now briefly state and dispose of the questions involved in the case.

1. The first of these questions is, whether or not the court erred

in allowing the. amendment to the plaintiff's petition. The only objection thereto was "that there was not enough in the declaration to allow the amendment." The point, argued in the brief of counsel for the plaintiff in error, that the amendment set forth a new and distinct cause of action, was not made or passed upon by the trial court. We have, therefore, in this case simply to determine whether or not there was enough in the original petition to amend by. The amendment adds no new fact except that, by reason of the alleged wrongful acts of the municipal authorities, the plaintiff's leasehold estate had "become and was utterly worthless for rent or occupation." This fact was not necessarily included in the plaintiff's original allegation that the premises had become useless to him in the conduct of his business. Upon the strength of this new allegation of fact the plaintiff sought the recovery of additional damages for the destruction of the value of his leasehold estate. The foregoing, we think, embraces a fair statement of the tenor and purpose of the amendment, and leads, we are satisfied, to the conclusion that, certainly as to the objection made to it, there was no error in allowing it. The amendment undoubtedly deals with the same transaction as that to which the petition related. This being so, section 5098 of the Civil Code, which was codified mainly from the decision of this court in the case of *Ellison* v. *Georgia R. Co.*, 87 *Ga.* 691, is applicable. It is in that section declared that "A petition showing a plaintiff, and a defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action, is enough to amend by. The jurisdiction of the court may be shown, and the details and circumstances of the particular transaction may be amplified and varied by amendment. If the declaration omit to allege facts essential to raise the duty or obligation involved in the cause of action which was evidently originally intended to be declared upon, the omitted fact may be supplied by amendment." The amendment now under consideration did not bring into view any new transaction. It set forth only additional consequences and resulting damages arising out of a transaction already fully described. There was, then, no error in allowing the amendment.

2. Several exceptions are taken to rulings of the court in admitting evidence. These exceptions, save as to one of them, are palpably without merit, because the evidence therein referred to was

directly relevant to and in support of the allegations of the plaintiff's petition, the legal sufficiency of which, as we have seen, was not challenged by demurrer. It can not be at this time even a matter of slight doubt that a plaintiff is entitled to prove everything he alleges in a petition upon which he is permitted to go to trial without objection on the part of the defendant, either to its form or its substance. The judge, as intimated above, did in one particular permit illegal testimony to go to the jury, in that he allowed a witness to testify what, in his opinion, was the amount of the plaintiff's damages, by stating the same in a lump sum. The error thus committed was, however, harmless, for there was ample testimony to support a verdict for a much larger sum than that returned in the plaintiff's favor.

3. Complaint is made of several instructions which the court gave to the jury. It is not essential to scrutinize the same with a view to determining whether they were or were not in all respects correct, for they related exclusively to questions bearing upon the measure of damages, and even if they contained any error, they were, in view of the moderate verdict rendered, certainly not harmful to the defendant.

*Judgment affirmed. All the Justices concurring, except Little and Lewis, JJ., absent.*