### 21902.   CENTRAL OF GEORGIA RAILWAY COMPANY v. COOPER.

STEPHENS, J.   1. On the trial of an action against a railroad company, in which the plaintiff sought to recover damages for injuries alleged to have been caused by the operation of the defendant's train at a crossing, where the court charged the jury that certain duties prescribed by statute rested upon the driver of an automobile when approaching a railroad-crossing, it was not error for the court, in the absence of a special request, to fail to charge that a violation of any one of these duties by the driver of an automobile constituted negligence per se.

2. A charge of the court that a duty rests upon the railroad company to use "all ordinary care and diligence, on approaching a crossing, to prevent injury of persons or property that may be on the crossing," does not instruct the jury that there is an absolute duty on the company so to operate its train at the crossing as to prevent injury, but instructs them that the company is under a duty to exercise ordinary care and diligence upon approaching a railroad crossing.

3. Whether a violation, by the servants of a railroad company, of a rule of the company regulating the conduct of its servants in the operation of one of its trains over a street-crossing is negligence as respects a person passing over the crossing, a rule which provides as follows is not applicable where an engine and its tender only are being operated over

the crossing, and where at the time no cars are being pushed or backed over the crossing: "Cars must not be backed or pushed over a street, highway, or private crossing, without a flagman on the front of, or preceding the leading car. Cars must not be allowed to run over a street, highway, or other private crossing without an engine attached."

4. Where, on the trial of an action against a railroad company for damages because of alleged injuries from the operation of a train, there is evidence in rebuttal of the plaintiff's allegations of negligence, it is error for the court to give in charge the provision of the statute approved August 24, 1929 (Ga. L. 1929, p. 315), that proof that the injury resulted from the operation of the defendant's train is prima facie evidence of negligence. It is unnecessary to pass upon the question whether such a charge was error when the court, in immediate connection therewith, instructed the jury that the burden of proof of negligence on the part of the defendant in the case on trial rested upon the plaintiff, or to pass upon any other assignment of error which involves a consideration of the language of the court in giving this statute in charge. *S. A. L. Ry. Co.* v. *Fountain,* 173 *Ga.* 593 (160 S. E. 789).

5. It is unnecessary to pass upon the other assignments of error.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

Decided September 28, 1932.

*W. K. Fielder, Maddox, Matthews & Owens,* for plaintiff in error. *John K. Davis, William W. Mundy,* contra.