### 29201. MACON, DUBLIN AND SAVANNAH RAILROAD COMPANY *v.* STEPHENS.

*L. C. Underwood, Mallory C. Atkinson, Jones, Jones & Sparks,* for plaintiffs in error.

*H. A. Hodges,* contra.

BROYLES, C. J.   W. T. Stephens sued the Macon, Dublin & Savannah Railroad Company for damages caused by the alleged killing of two of his cattle by a moving train of the defendant.   Both parties introduced evidence, and the jury returned a verdict for the plaintiff.   The defendant's motion for new trial was overruled, and that judgment is assigned as error.

A special ground of the motion assigns error on the following charge of the court:   "In all actions against railroad companies for damages done to persons or property, proof of injury inflicted by the running of locomotives or cars of such companies shall be prima facie evidence of the want of reasonable skill and care on the part of the servants of the companies in reference to such injury.   However, this is a rebuttable presumption that may be overcome by proof showing that the injury was not due to want of reasonable skill and care on the part of the servants of the railroad company in reference to such injury, and when any evidence is offered showing the servants of the company were in the exercise of reasonable skill and care on their part in respect to such injury, same overcomes such prima facie evidence, and shifts the burden back to the plaintiff to show by the evidence in the case that the injury was due to the negligence of the employees of the defendant."   In *Seaboard Air-Line Ry.* v. *Fountain,* 173 *Ga.* 593, 599 (160 S. E. 789), headnote 2 reads as follows:   "The court erred in giving in charge to the jury the instruction (set out in the opinion) based upon the act of August 24, 1929 (Ga. Laws 1929, pp. 315, 316).   This act was taken in totidem verbis from the statute of Mississippi upon this subject.   In construing the Mississippi statute the Supreme Court of that State held that it was intended to operate only when the facts were not or could not be produced, in which event the burden was upon the company to prove the facts which are, as a general rule, peculiarly within its knowledge; and

that the principle of this statute should not be given in charge to the jury where the testimony in the case sufficiently explains every material fact connected with the infliction of the injury, and that in such case the question of negligence or no negligence is to be decided from the facts in the case. (*a*) When a statute has been adopted from another State, the judicial construction already placed thereon by the highest court of the jurisdiction from which it is taken accompanies it, and is treated as incorporated therein. (*b*) The provision of this statute which makes proof of injury inflicted by the running of locomotives or cars of a railway company prima facie evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury casts upon the railway company the burden of the duty of producing some evidence to the contrary; and when that is done the inference is at an end, and the question of negligence is one for the jury from all the evidence. When all of the facts touching the injury inflicted are in evidence, both from the testimony of the plaintiff and of the defendant, the court should not give this statute in charge to the jury." In that case the charge held to be error was as follows: "And in this connection I will charge you this, that in all cases against railroad companies for damages done to persons or property, proof of injury inflicted by the running of locomotives or cars of such companies shall be prima facie evidence of the lack of reasonable skill and care on the part of the company. But this, of course, is subject to rebuttal. If the railroad company shows to your satisfaction that they did exercise the care required by the law to be exercised, that they were not guilty of such negligence, then of course that presumption, if there be such (prima facie I should have said, instead of presumption, and I withdraw the presumption), would be rebutted." In *Central of Georgia Ry. Co.* v. *Cooper*, 45 *Ga. App.* 806 (4) (165 S. E. 858), this court ruled as follows: "Where, on the trial of an action against a railroad company for damages because of alleged injuries from the operation of a train, there is evidence in rebuttal of the plaintiff's allegations of negligence, it is error for the court to give in charge the provision of the statute approved August 24, 1929 (Ga. L. 1929, p. 315) [Code, § 94-1108], that proof that the injury resulted from the operation of the defendant's train is prima facie evidence of negligence." See also *Georgia Power Co.* v. *Watts*, 56 *Ga. App.* 322 (192 S. E. 493);

Mobile &c. R. Co. *v.* Turnipseed, 219 U. S. 35 (31 Sup. Ct. 136, 55 L. ed. 78); W. & A. R. Co. *v.* Henderson, 279 U. S. 639 (49 Sup. Ct. 445, 73 L. ed. 884); *Parrish* v. *Southwestern Railroad Co.,* 57 *Ga. App.* 847 (197 S. E. 66).

Applying the foregoing rulings to the facts of the instant case, the presumption of negligence on the part of the defendant, created by proof that the plaintiff's cattle were killed by the running of defendant's train, was entirely overcome and rebutted by the defendant when it introduced the testimony of the only eye-witnesses to the killing (the engineer and fireman of the train) which clearly and sufficiently explained every material fact connected with the killing. In *S. A.-L. Co.* v. *Fountain,* supra, 599, the Supreme Court approved and adopted the following holding of the Supreme Court of Mississippi in reference to the construing of the Mississippi statute: "An instruction upon the principle embraced in this statute ought not to be given where the testimony in the case sufficiently explains every material fact connected with the infliction of the injury." After the testimony of the defendant's engineer and fireman the inference created by proof of injury by the running of the defendant's cars was at an end. *Parrish* v. *Southwestern Railroad Co.,* supra. And the burden was on the plaintiff to show by evidence, *without any aid from the statute in question,* that the killing of his cattle was caused by the negligence of the defendant's employees. The judge attempted to limit the effect of the first part of his charge by instructing the jury that the presumption against the defendant "may be overcome by proof showing that the injury was not due to want of reasonable skill and care on the part of the servants of the railroad company in reference to such injury, and when any evidence is offered showing the servants of the company were in the exercise of reasonable skill and care on their part in respect to such injury, same overcomes such prima facie evidence and shifts the burden back to the plaintiff to show by the evidence in the case that the injury was due to the negligence of the employees of the defendant." Under the above-cited decisions this part of the charge was erroneous. The defendant, to overcome the presumption, did not have to introduce evidence showing that its servants "were in the exercise of reasonable skill and care." It only had the burden of explaining how the killing occurred and "producing some evidence to the contrary" of the plaintiff's charges

of negligence. *S. A.-L. Ry. Co.* v. *Fountain,* supra. The presumption, being at an end, should not have been charged at all. Moreover, the charge as given was confusing and misleading to the jury and injected into the case an issue which was not there. It was, under the facts of the case, the jury's duty to determine the issue of negligence or no negligence, solely from the evidence, without any aid from or consideration of the dead presumption.

The court erred in overruling the special grounds of the motion for new trial. The general grounds are not passed upon.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*

DECIDED FEBRUARY 19, 1942.