30458. JONES *v.* POWELL *et al.,* receivers.

DECIDED MAY 27, 1944.

*R. S. Wimberly,* for plaintiff.
*Dykes & Dykes, G. Y. Harrell,* for defendants.

PARKER, J. V. G. Jones sued the receivers of the Seaboard Airline Railway for damages which he alleged were caused by the railroad's negligence in killing one of his mules. The court directed a verdict for the defendants, and the plaintiff excepted to the overruling of his motion for new trial, particularly on the ground that the issue of negligence should have been submitted to the jury. The plaintiff testified that he saw the mule run up a bank and run down the bank right in front of the train about 33 or 34 steps north of a crossing; that the mule ran down the embankment, which was between the tracks and a wire fence just off the railroad right of way, in front of the train suddenly; but that he could not see the mule at the time the train hit it because of a gully. The fireman on the locomotive which hit the mule testified that the train was going around a pretty sharp curve; that he saw the mule just a short while before the engineer saw it; that he saw the mule coming down toward the track; that on account of the curve to the left he could see the mule just a little quicker than the engineer; that the mule was running when he saw it coming towards the track and down the embankment; that he went over and told the engineer about the mule and about that time the engineer saw it and began blowing the whistle, and threw on the emergency brakes; that the mule was about two hundred feet in front of the engine when he first saw it; that he was not much judge of distance; that he imagined a box car was about twelve or fifteen feet long; that when he got over to the engineer and notified him, he supposed the mule

had then run on the track; that the mule would have been nearer the engine by the time the engineer saw it and put on his brakes than when he first saw it; that he did not undertake to estimate the distance; and that the mule was coming toward the track when he saw it. The engineer testified that the mule was hit as it ran down the track from the train; that the mule was on the track when he first saw it; that upon seeing it he immediately blew the whistle and applied the emergency brakes, and ran the length of the approximately forty-car train before stopping; that he stopped as quickly as he could, and that there was nothing else he could have done to keep from hitting the mule.

The plaintiff by showing that the mule was killed by the operation of the train successfully invoked the prima facie presumption of want of reasonable skill and care afforded by the Code, § 94-1108. But the inference created by proof of injury by the running of the defendants' train came to an end when the defendants produced *some* evidence to the contrary, and the burden then fell on the plaintiff to make out a case without any aid from the statute. *Parrish* v. *Southwestern R. Co.*, 57 *Ga. App.* 847 (197 S. E. 66); *Macon, Dublin & Savannah R. Co.* v. *Stephens*, 66 *Ga. App.* 636 (19 S. E. 2d, 32), and cit. The plaintiff was the only witness called in his behalf. His testimony fails completely to show any negligence on the part of the servants of the railroad. The fireman's testimony must be taken to indicate that he reported to the engineer the presence of the mule immediately upon his discovery of it, in the absence of anything to the contrary. The plaintiff had an opportunity to propound to the fireman a question as to the promptness of his action, and the burden of proof was on the plaintiff. The testimony of the engineer shows unequivocally that he was keeping a proper lookout ahead and that he did all that he could to prevent hitting the mule. There were no proved facts from which negligence could have been inferred, a verdict for the defendants was demanded, and the court did not err in directing it.

*Judgment affirmed. Sutton, P. J., concurs.*

FELTON, J., dissenting. There was a directed verdict in this case and no question arises as to the propriety of charging the Code, § 94-1108; but whether the principle is applicable is material in the case. In my judgment the prima facie presumption of negligence does not vanish as a matter of law until the railroad has produced

all the evidence in its power to produce which will authorize a finding that it exercised ordinary care and diligence, or at least enough evidence to authorize such a finding. In this case the railroad had the burden of producing evidence showing ordinary care. The evidence produced, if taken at face value, did not necessarily show it. The testimony for the railroad did not show whether the fireman went over and told the engineer about the mule *immediately*, or whether he waited a half minute, more or less. I cannot agree with the statement in the majority opinion that "the fireman's testimony must be taken to indicate that he reported to the engineer the presence of the mule *immediately* upon his discovery of it, in the absence of anything to the contrary." There is no evidence to authorize such a holding. All the fireman said about this was that he could see the mule just a little quicker than the engineer, and that about the time he told the engineer about the mule the engineer saw it. Even if the presumption had vanished it was for the jury to say whether under the evidence the railroad exercised ordinary care in view of the fireman's bad judgment on the question of distances. If he misjudged the length of a box car by approximately three-fourths of its length, he might have misjudged the distance the train was from the mule when he first saw it. It seems that our present presumption statute was copied from Mississippi's. In the case of Gulf, M. & N. R. Co. *v.* Brown, 138 Miss. 68 (102 So. 855), the court stated: "The statute was intended to have operation only when the facts were not or could not be produced and places the burden upon the company to produce the facts which are generally peculiarly within its own knowledge." As stated, the burden of producing the facts sufficient to preclude the application of the presumption was on the railroad. When it failed or refused to do so by not asking the fireman whether he notified the engineer immediately, such failure did not make it incumbent on the plaintiff to supply the omission by cross-examination, as held by the majority.