32930. ATLANTIC COAST LINE RAILROAD CO. *v.* CARVER.

TOWNSEND, J. 1. The prima facie presumption of want of reasonable skill and care on the part of the servants of railroad companies which arises upon proof of injury inflicted by the running of their locomotives or cars disappears upon the introduction of some evidence showing absence of such negligence. The burden of proof then shifts to the plaintiff to show such negligence as will authorize recovery. See Code § 94-1108; *Jones* v. *Powell,* 71 *Ga. App.* 202 (30 S. E. 2d, 446).

2. Where, as here, the conduct alleged to be negligent, upon which the plaintiff relies for recovery is such that the sole conclusion to be reached is that the same does not amount to negligence, then the court must hold as a matter of law that the defendant was not negligent, and the plaintiff can not recover. *Georgia Power Co.* v. *Blum,* 80 *Ga. App.* 618 (56 S. E. 2d, 18); *Lester* v. *Foster,* 40 *Ga. App.* 500 (150 S. E. 433); *Macon Telegraph Publishing Co.* v. *Graden,* 79 *Ga. App.* 230 (1-d) (53 S. E. 2d, 371).

3. Applying the foregoing rules of evidence to the within case, where, the action is for damages on account of killing a cow by a railroad train, and it appearing from the uncontradicted evidence that the cow was standing a safe distance off the track and giving no indication of approaching the track until the train was so close that it was impossible to avoid the injury, and that it then attempted to cross the track in front of the train, the evidence demanded a verdict for the railroad company. *Greenway* v. *Macon, Dublin & Savannah R. Co.,* 44 *Ga. App.* 541 (162 S. E. 168).

The trial court erred in overruling the motion for a new trial.

*Judgment reversed. MacIntyre, P.J., and Gardner, J., concur.*

DECIDED FEBRUARY 17, 1950.

*H. J. Quincey, Bennett, Pedrick & Bennett,* for plaintiff in error.

*L. A. Hargreaves,* contra.