33392. ATLANTIC COAST LINE RAILROAD COMPANY
*v.* ROWE.

DECIDED MARCH 16, 1951.

*S. Spencer Bennet, Jackson & English, T. K. Vann Jr.,* for plaintiff in error.

*Jon P. Knight, Gibson & Maddox, George Jordan,* contra.

GARDNER, J. The special ground complained of an excerpt from the charge of the court as follows: "Now, I charge you in this case that when it is shown that livestock is killed by the railroad company that the burden then shifts to the defendant railroad company to show by a preponderance of the evidence in the case that it, by and through its servants, agents, and employees in charge of the train, have exercised ordinary care and diligence to prevent the injury and damage." It is contended that this excerpt from the charge of the court requires a reversal of the case because it was erroneous and injurious to the

defendant (a) because it is contrary to law; (b) because it is erroneous as an abstract principle of law; (c) because it places the burden of proof on the defendant and that said erroneous charge was not elsewhere corrected in the charge of the court.

The contentions of the defendant are meritorious under many decisions of this court. It is evident that the plaintiff relied upon the prima facie rule stated in the Code, § 94-1108. This Code section, which is generally known as the prima facie rule, is a rule of evidence only; and when it is relied upon by the plaintiff in showing that the stock was killed by the operation of the defendant's train, and the railroad company introduces some evidence of the exercise of reasonable care and skill, then the prima facie rule vanishes and the burden is on the plaintiff to prove by a preponderance of the evidence that the negligence of the defendant was the proximate cause of injury. In the instant case, the defendant in its anwer admitted the killing of the animal but stated that it was not negligence; that the visibility was bad; that the train was not being operated over 35 miles per hour; that the servants were keeping a vigilant lookout ahead, and that upon discovering the mule the bell was rung, the whistle was blown, the brakes applied, and everything within in the power of the servants in charge of the operation of the train was done to prevent the mule from being struck and killed. This was sufficient evidence as a matter of law to rebut the prima facie rule of evidence contained in said Code section, and the burden was then upon the plaintiff to prove his case by a preponderance of the evidence to the satisfaction of the jury.

We have read the court's entire charge carefully and nowhere in it did the court correct this erroneous charge. In the case of *Jones* v. *Powell,* 71 *Ga. App.* 202, 203 (30 S. E. 2d, 446), this court said: "The plaintiff by showing that the mule was killed by the operation of the train successfully invoked the prima facie presumption of want of reasonable skill and care afforded by the Code, § 94-1108. But the inference created by the proof of injury by the running of the defendant's train came to an end when the defendant produced *some* evidence to the contrary, and the burden then fell on the plaintiff to make out a case without any aid from the statute." (Italics ours.) See *Dodd* v. *Callaway,* 76 *Ga. App.* 629 (2) (46 S. E. 2d, 740), at page 633

wherein this court said: " 'In all actions against railroad companies for damages done to persons or property, proof of injury inflicted by the running of locomotives or cars of such companies shall be prima facie evidence of the want of reasonable skill and care on the part of the servants of the companies in reference to such injury.' Code, § 94-1108. It has been held several times that 'the inference created by proof of injury by running of the defendant's cars is at an end when the defendant has produced *some* evidence to the contrary'; and 'the statute has served its purpose when it compels the railroad to explain how the injury occurred, and the question of negligence or no negligence is to be decided by the facts of the case.' " See also *Atlantic Coast Line R. Co.* v. *Carver*, 81 *Ga. App.* 26 (1) (57 S. E. 2d, 692). For other cases on this same principle see *Atlantic Coast Line R. Co.* v. *Mercer*, 82 *Ga. App.* 312 (60 S. E. 2d, 649) ; *Atlantic Coast Line R. Co.* v. *Hodges*, 79 *Ga. App.* 563 565 (54 S. E. 2d, 500) ; *Atlantic Coast Line R. Co.* v. *Martin*, 79 *Ga. App.* 193 (53 S. E. 2d, 176). See also in this connection *Parrish* v. *Southwestern R. Co.*, 57 *Ga. App.* 847 (197 S. E. 66). In the case of *Sherrill* v. *Callaway*, 82 *Ga. App.* 499 (61 S. E. 2d, 548), this court, after discussing the old prima facie rule, had this to say: "It is now the rule that upon proof of injury by the running of cars, if the defendant introduces evidence from which a jury would be authorized to find that the injury did not so occur or that if it did it was not due to the negligence of the defendant, the burden of proof would be upon the plaintiff to prove one or more of the allegations of negligence to be the proximate cause of the injuries by a preponderance of the evidence." Under the facts of this case the charge of the court as complained of in the special ground requires a reversal and the court erred in overruling the amended motion for a new trial.

*Judgment reversed. MacIntyre, P.J., and Townsend, J., concur.*