33618. ATLANTIC COAST LINE RAILROAD COMPANY *v.* ROYAL.

FELTON, J. C. A. Royal sued Atlantic Coast Line Railroad Company to recover the value of two cows allegedly killed by the negligent running of a train of the defendant railroad. Certain demurrers to the petition were overruled and exceptions pendente lite were taken to such ruling. The jury returned a verdict for the plaintiff. The defendant's amended motion for a new trial was overruled and the defendant excepted.

1. The first ground of the amended motion for a new trial alleges that the court erred in admitting testimony tending to show that stock gaps had been maintained at each end of the cut in which the cattle were killed and that such stock gaps had been removed by the defendant some months prior to the killing of the cows. It was not error to admit such testimony. The petition alleged the existence and subsequent removal of the stock gaps and alleged that such removal constituted an act of negligence on the part of the defendant. As long as such pleading remained unstricken in the petition the plaintiff could introduce such evidence as would substantiate that allegation. *Fleming* v. *Roberts,* 114 *Ga.* 634(3) (40 S. E. 792); *Mayor &c. of Macon* v. *Melton,* 115 *Ga.* 153(2) (41 S. E. 499); *Beasley* v. *Burt,* 201 *Ga.* 144, 155(4) (39 S. E. 2d, 51); *Kelly* v. *Strouse,* 116 *Ga.* 872, 879 (2) (43 S. E. 280). The writer, speaking for himself alone, is of the opinion that the rulings in the above cited cases to the effect that evidence introduced to prove allegations in a petition which were demurrable but undemurred to is not subject to objection, is utterly inconsistent with the rulings in *Kelly* v. *Strouse,* supra, and *Blount* v. *Metropolitan Life Ins. Co.,* 192 *Ga.* 325 (15 S. E. 2d 413), to the effect that a judge may

direct a verdict in a case where a plaintiff proves the allegations of a petition undemurred to on the ground that "from the facts stated in the petition or from the facts as they appear in evidence, there is no liability in law." The rulings in *Fleming* v. *Roberts,* supra, and *Mayor &c. of Macon* v. *Melton,* supra, were disapproved in *Kelly* v. *Strouse,* supra, but the courts have never gotten around to overruling them and others to the same effect.

2. The second ground of the amended motion for a new trial complains that the court erred in charging the jury: "In an action against a railroad company for damage to persons or property resulting from the running of its locomotive or cars, the inference created by the proof of the injuries so inflicted is at an end when the company introduces evidence in rebuttal of the plaintiff's allegations of negligence, and the question of negligence is one for the jury. The presumption of negligence resulting from the proof of injury may be overcome by proof showing that the injury was not due to want of reasonable skill and care on the part of the servants of the railroad with reference to such injury. When any evidence is offered by the railroad company that the servants of the company were in the exercise of reasonable skill and care on their part in respect to any injury arising from the operation of a train, the same overcomes the prima facie evidence usually arising from proof of the injury, and shifts the burden back to the plaintiff to show by evidence in the case that the injury was due to the negligence of the employees of the defendant." It is well established that where, as here, the defendant introduces evidence which the jury would be authorized to find exonerates the defendant, it is error to charge that proof of injury by the running of the cars of the defendant makes a rebuttable prima facie case. *Gainesville Midland R. Co.* v. *Floyd,* 73 *Ga. App.* 662(4) (37 S. E. 2d, 725). "The presumption, being at an end, should not have been charged at all." *Macon, Dublin & Savannah R. Co.* v. *Stephens,* 66 *Ga. App.* 636, 640 (19 S. E. 2d, 32).

3. Special ground 3 of the demurrer demurs to the allegation that the train was traveling "at an unduly fast rate of speed" on the ground that such was merely an opinion of the pleader. This demurrer was good and should have been sustained. In the absence of allegations showing the circumstances which caused the speed of the train to be "an unduly fast rate of speed," such allegation is a conclusion of the plaintiff and subject to special demurrer.

4. Special ground 9 of the demurrer demurs to the allegation that defendant was negligent "in that the engineer or employees of said defendant did not blow the whistle of said freight train or give some other warning of sufficient nature on approaching said cows on their tracks." The allegation "or give some other warning of sufficient nature," in the absence of allegations to show what other warning it was contended would have been of a sufficient nature to warn the cattle of the approach of the train under the circumstances, is subject to the special demurrer pointing out such defect.

5. Special ground 10 of the demurrer demurs to the allegation that defendant was negligent "in that the engineer or employees of said defendant was proceeding at a rate of speed far in excess of a safe speed

knowing that there were cows and other animals in the vicinity of the railroad tracks of defendant upon which they were operating." The demurrer should have been sustained. There are no facts alleged to show what would have been a safe or unsafe speed under the circumstance that cows or other animals were in the vicinity, such as what specific speed would have been a safe speed, or such as what stopping distance the engineer should have observed in regulating the speed of the train, knowing that cows were in the vicinity.

6. Special ground 11 of the demurrer demurs to the allegation that the defendant was negligent "in that they did not give said cow sufficient time and opportunity to get off said tracks before being struck." This allegation, without more, is also merely an opinion of the pleader unsupported by specific allegations as a basis therefor.

7. The remaining grounds of the demurrer are either without merit or are sufficiently met by amendment.

The court erred in overruling the amended motion for a new trial and in overruling the demurrers treated in the opinion.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*

DECIDED JUNE 29, 1951.

*Matthews & Hendrix, Moore & Oberry,* for plaintiff in error. *Grantham & Smith,* contra.