34928. LOUISVILLE & NASHVILLE RAILROAD CO. *v.* BENNETT.

TOWNSEND, J. 1. In this action for damages against the defendant railroad company for the killing of a cow belonging to the plaintiff by the defendant's locomotive, the court charged as follows: "In all actions against railroad companies for damages done to persons or property, proof of injury inflicted by the running of locomotives or cars of such companies shall be prima facie evidence of the want of reasonable skill and care on the part of the servants of the companies in reference to such injury. However, the inference of negligence created by proof of injury inflicted by a railroad company in running of its locomotives and cars is at an end when the company produces evidence to the contrary, and the question of negligence or no negligence is to be decided from the facts of the case." The first sentence of this excerpt from the charge is in the language of Code § 94-1108, which sets out a rule of evidence under which, no other facts appearing, the presumption of negligence against the railroad company as to its manner of running its trains is sufficient to make out a prima facie case. Where, however, testimony is introduced tending to explain every material fact connected with the infliction of the injury, and to rebut every allegation of negligence, the presumption is dead, and the case is to be decided upon its facts alone. In consequence, where, as here, the defendant introduced testimony as to the manner in which the cow was killed, the presumption of negligence ceased to exist and should not have been given in charge to the jury. *Seaboard Air-Line Ry. Co.* v. *Fountain,* 173 *Ga.* 593(2) (160 S. E. 789); *Central of Ga. Ry. Co.* v. *Cooper,* 45 *Ga. App.* 806 (4) (165 S. E. 868). While the error committed by the charge of this Code section under these circumstances may be cured where there is an *express* withdrawal by the court of that portion of the charge in another part thereof (*Sylvania Central Ry. Co.* v. *Gay,* 82 *Ga. App.* 486(3), 61 S. E. 2d 587), it is not cured merely by further explanation to the effect that, when the defendant introduces evidence as to its manner of running its locomotives and cars, the question of negligence is then to be decided upon its facts, since, after the introduction of such evidence, the plaintiff must make out his case without any aid from the statute, and the presumption, being dead, should not be given in charge at all. *Jones* v. *Powell,* 71 *Ga. App.* 202, 203 (30 S. E. 2d 446); *Macon, Dublin & Savannah R. Co.* v. *Stephens,* 66 *Ga. App.* 636, 639 (19 S. E. 2d 32); *Atlantic Coast Line R. Co.* v. *Royal,* 84 *Ga. App.* 247 (2) (65 S. E. 2d 827).

2. The general grounds of the motion for new trial are not passed upon, as the case is to be tried again.

The trial court erred in denying the motion for new trial as amended.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 20, 1954.

*Tye, Cooper & Bell, Neel & Ault,* for plaintiff in error.
*J. R. Cullens, Jefferson L. Davis,* contra.