35153. ATLANTIC COAST LINE R. CO *v.* PARKER.

DECIDED JUNE 2, 1954.

*Matthews & Hendrix, R. A. Moore, B. G. Oberry,* for plaintiff in error.

*Ewing & Farrar,* contra.

FELTON, C. J. ■ The court did not err in overruling the general demurrer. While there is no statute requiring an engineer to slow down his train and to have it under control at public crossings, a jury may determine that under the circumstances in a particular case ordinary care would require such action; and in the instant case it would be a question for a jury whether the defendant was negligent in operating its train at 50 miles per hour upon approaching a much-traveled public crossing where a curve prevented observation of the crossing by the train's crew until the train was within approximately 500 feet thereof. *Atlantic Coast Line R. Co.* v. *Bradshaw,* 34 *Ga. App.* 360 (1) (129 S. E. 304); *Georgia Northern Ry. Co.* v. *Rollins,* 62 *Ga. App.* 138 (1) (8 S. E. 2d 114); *Central of Georgia Ry. Co.* v. *Sharpe,* 83 *Ga. App.* 12, 21 (62 S. E. 2d 427). The contention that the plaintiff is barred by his own negligence in driving a defective automobile which stalled on the tracks is without merit. There is nothing in the petition to show that the automobile was defective, or if defective that the plaintiff knew or should have known of the defect.

■ The court erred in charging in effect Code § 94-1108, which provides: "In all actions against railroad companies for damages done to persons or property, proof of injury inflicted by the running of locomotives or cars of such companies shall be prima facie evidence of the want of reasonable skill and care on the part of the servants of the companies in reference to such injury." The defendant introduced evidence sufficient to authorize a finding of its exercise of ordinary care under the circumstances and introduced material facts connected with the collision; therefore the principle set out in Code § 94-1108 had no place in the case, and the court erred in charging thereon. *Seaboard Air-Line Ry. Co.* v. *Fountain,* 173 *Ga.* 593 (160 S. E. 789); *Atlantic Coast Line R. Co.* v. *Rowe,* 83 *Ga. App.* 540 (64 S. E. 2d 216); *Central of Ga. Ry. Co.* v. *Cooper,* 45 *Ga. App.* 806, 807 (4) (165 S. E. 858).

■ It is contended that the court erred in overruling a special demurrer to the following allegation: "The operation of said locomotive at such a speed was hazardous to persons and property using said highway at said location, and was in total disregard for the safety of persons and property on said highway

at said crossing and amounts to negligence per se." The acts alleged did not amount to negligence per se, and the court erred in overruling the special demurrer as to that portion of the allegation designating the acts or omissions as being negligence per se. *Montgomery* v. *Southern Ry. Co.*, 78 *Ga. App.* 370, 374 (51 S. E. 2d 66).

The court did not err in overruling the general demurrer to the petition.

The court erred in overruling the special demurrer treated in the opinion and in denying the amended motion for new trial.

*Judgments affirmed in part and reversed in part. Quillian and Nichols, JJ., concur.*