35574.   ATLANTIC COAST LINE RAILROAD CO. *v.*
BENNEFIELD, by next friend.
35575.   ATLANTIC COAST LINE RAILROAD CO. *v.*
BENNEFIELD.

DECIDED APRIL 14, 1955.

*Bennet & Vann, T. K. Vann, Jr., H. L. Jackson,* for plaintiff in error.

FELTON, C. J.   ■   The evidence shows that the father, C. R. Bennefield, instructed his 8½-year-old son, Tommy Bennefield, to drive the father's agricultural tractor from their home to Tifton, Georgia, for the purpose of having repairs made on the tractor. The father was trailing the son in his automobile. In order to reach Tifton, the son had to drive the tractor along a public highway and through the town of Enigma. The father knew that the son had to drive the tractor over a railroad crossing in the town of Enigma. The railroad crossing was in a

populous and congested locality, and the public highway over which the son was driving was the main artery of the town of Enigma and was used by a large number of motorists and pedestrians at all hours of the day and night. Before reaching the railroad crossing, the father, who was trailing behind the son, drove his automobile off the highway and stopped to converse with someone. The son continued on and around a curve out of sight, and soon thereafter the collision between the train and the tractor took place.

These facts plainly and indisputably show that the father was guilty of such negligence as would bar a recovery by him of the damages he seeks. *Atlanta & Charlotte Air-Line Ry. Co.* v. *Gravitt*, 93 *Ga.* 369 (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. R. 145) ; *Woodham* v. *Powell*, 61 *Ga. App.* 760 (7 S. E. 2d 573). The court erred in denying the amended motion for a new trial in the father's case.

■ The remainder of the opinion will be devoted to the son's case.

Special ground one of the amended motion complains that the court erred in charging the jury the prima facie rule. The ground is meritorious. The prima facie rule vanishes from the case when the defendant railroad company produces some evidence contrary to the plaintiff's contentions of negligence (*Seaboard Air-Line Ry. Co.* v. *Fountain*, 173 *Ga.* 593 (2b), 160 S. E. 789) ; and when the defendant does produce such evidence and the prima facie rule vanishes, it is error for the court to charge on the rule. *Atlantic Coast Line R. Co.* v. *Rowe*, 83 *Ga. App.* 540, 543 (64 S. E. 2d 216), and citations. The fact that the court in the charge correctly stated the effect on the prima facie rule by the defendant's introduction of some evidence contrary to the plaintiff's contentions of negligence does not cure the error, because "it is not cured merely by further explanation to the effect that, when the defendant introduces evidence as to its manner of running its locomotives and cars, the question of negligence is then to be decided upon its facts, since, after the introduction of such evidence, the plaintiff must make out his case without any aid from the statute, and the presumption, being dead, should not be given in charge at all. *Jones* v. *Powell*, 71 *Ga. App.* 202, 203 (30 S. E. 2d 446) ; *Macon, Dublin & Sa-*

*vannah R. Co.* v. *Stephens,* 66 *Ga. App.* 636, 639 (19 S. E. 2d 32); *Atlantic Coast Line R. Co.* v. *Royal,* 84 *Ga. App.* 247 (2) (65 S. E. 2d 827)." *Louisville & Nashville R. Co.* v. *Bennett,* 89 *Ga. App.* 534 (80 S. E. 2d 195).

■ In view of the concession in the plaintiff in error's brief that the father's negligence was not attributable to the son, it is unnecessary to rule on special ground 2 of the amended motion for a new trial.

■ Without ruling on whether a charge that a railroad company must operate its trains at a reasonable and safe rate of speed under the surrounding conditions and general situation is reversible error, we merely hold that it is a better practice, and one that should be followed, for the court to charge the general rule that a railroad company must exercise ordinary care under the circumstances in the operation of its trains.

■ The general grounds of the motion for a new trial in the son's case have been expressly abandoned.

The court erred in denying the amended motions for new trials.

*Judgments reversed. Quillian and Nichols, JJ., concur.*