38793. ATLANTIC COAST LINE RAILROAD COMPANY v. PAULK, by Next Friend.

DECIDED SEPTEMBER 6, 1961.

*Larry E. Pedrick, H. J. Quincey, Jack Helms,* for plaintiff in error.

*Vickers Neugent, Robert B. Summer,* contra.

JORDAN, Judge. 1. Under the allegations of the petition in this case, which was not demurred to, a cause of action was set forth for negligence as well as for wilful and wanton misconduct. Accordingly, the trial court did not err in denying the defendant's motion for judgment notwithstanding the verdict which

was based upon the ground that the evidence demanded a finding that the defendant was not guilty of wilful and wanton misconduct.

2. Likewise, the trial court did not err, as contended in special ground 4 of the amended motion for new trial, in charging the jury that the plaintiff was entitled to present her proof under either theory of the petition.

3. The court did err in charging in effect *Code* § 94-1108, which provides "In all actions against railroad companies for damages done to persons or property, proof of injury inflicted by the running of locomotives or cars of such companies shall be prima facie evidence of the want of reasonable skill and care on the part of the servants of the companies in reference to such injury." This Code section "casts upon the railway company the burden of the duty of producing some evidence to the contrary; and when that is done the inference is at end, and the question of negligence is one for the jury from all the evidence. When all of the facts touching the injury inflicted are in evidence, both from the testimony of the plaintiff and of the defendant, the court should not give this statute in charge to the jury." *Seaboard Air-Line Ry. Co. v. Fountain,* 173 Ga. 593 (2b) (160 SE 789). Since the defendant railway introduced evidence tending to rebut the negligence alleged against it and introduced material facts connected with the collision, the principle set out in *Code* § 94-1108 had no place in this case and the court erred in charging thereon. *Atlantic Coast Line R. Co. v. Rowe,* 83 Ga. App. 540 (64 SE2d 216) ; *Central of Ga. Ry. Co. v. Cooper,* 45 Ga. App. 806, 807 (4) (165 SE 858); *Atlantic Coast Line R. Co. v. Parker,* 90 Ga. App. 251 (2) (82 SE2d 706).

4. The general grounds of the motion for new trial are not passed on, as the case is to be tried again, except to say that the verdict rendered was not demanded by the evidence.

For the reasons stated in division 3 of this opinion the trial court erred in denying the amended motion for new trial.

*Judgment reversed. Townsend, P. J., and Frankum, J., concur.*