### 51638. SEABOARD COAST LINE RAILROAD COMPANY et al. v. WROBLEWSKI et al.

PANNELL, Presiding Judge.

The jury rendered a verdict in favor of the complainants in actions against the railroad appellant based upon the alleged negligence of the railroad in the

operation of its train which resulted in a collision of the train with the automobile driven by one of the complainants, the wife of the other complainant. The appeal is from the overruling of the defendant railroad's motion for new trial and presents only one question for review—whether the trial judge erred in giving a charge to the jury based upon the Act approved August 24, 1929 (Ga. L. 1928, pp. 315, 316 (now codified as Code § 94-1108)). *Held:*

"We think the charge of the court was erroneous for the reason which we will now give. The act of August 24, 1929, makes proof of an injury inflicted by the running of locomotives or cars prima facie evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury. This statute is taken in totidem verbis from the statute of Mississippi upon this subject. In construing the Mississippi statute the Supreme Court of that State held that it was intended to operate only when the facts were not or could not be produced, in which event the burden was upon the company to produce the facts which are, as a general rule, peculiarly within its knowledge; that an instruction upon the principle embraced in this statute ought not to be given where the testimony in the case sufficiently explains every material fact connected with the infliction of the injury; that this statute has served its purpose when it compels the railroad company to explain how the injury occurred; and that the question of negligence or no negligence is to be decided from the facts in the case. Gulf &c. R. Co. v. Brown, 138 Miss. 39, 66 (102 So. 855); Gulf &c. R. Co. v. Arrington, 142 Miss. 102 (107 So. 378); Columbus &c. R. Co. v. Fondren, 145 Miss. 679 (110 So. 365). It is a well-settled general rule that when a statute has been adopted from another State, the judicial construction already placed thereon by the highest court of the jurisdiction from which it is taken accompanies it, and is treated as incorporated therein. *Brown v. Burke,* 22 Ga. 574; *Thrower v. State,* 117 Ga. 753, 757 (45 S. E. 126); 25 R. C. L. 1069, § 294, note 4, and cit. The constitutionality of this act was attacked in Mobile &c. R. Co. v. Hicks, 91 Miss. 273 (46 So. 360, 124 Am. St. R. 679), on the ground that it deprived the railroad company of

equal protection of the laws and of due process of law. Its constitutionality was sustained by the Supreme Court of Mississippi, and to review this judgment the railroad company took the case to the Supreme Court of the United States. The Supreme Court sustained the judgment of the Supreme Court of Mississippi. Mobile &c. R. Co. v. Turnipseed, 219 U. S. 37 (31 Sup. Ct. 136, 55 L. ed. 78, 32 L. R. A. (N. S.) 226 Ann. Cas. 1912A, 463). These attacks upon this statute were based upon the contention that its effect was to create a presumption of liability, thereby giving to it an effect in excess of a mere temporary inference of fact. The Supreme Court held that 'The only legal effect of this inference is to cast upon the railroad company the duty of producing some evidence to the contrary. When that is done the inference is at an end, and the question of negligence is one for the jury upon all of the evidence. In default of such evidence, the defendant, in a civil case, must lose, for the prima facie case is enough as a matter of law.' The Supreme Court further held that 'The statute as construed and applied by the Mississippi court in this case is unobjectionable.'

"In W. &. A. R. Co. v. Henderson, 279 U. S. 639 (49 Sup. Ct. 445, 73 L. ed. 884), the Supreme Court of the United States held that section 2780 of the Code of 1910 was unconstitutional and void, because to permit the jury to consider and weigh the presumption of negligence under this section, as evidence against the testimony of the company's witnesses tending affirmatively to prove due care, was unreasonable and arbitrary and violative of the due-process clause of the 14th amendment. The court distinguished that case from Mobile &c. R. Co. v. Turnipseed, supra. The court held that the statute in the latter case was constitutional, for the reason that the only legal effect of the inference created by the Mississippi statute was to cast upon the railroad company the duty of producing some evidence to the contrary, and that when this was done the inference was at an end, and the question of negligence was one for the jury from all the evidence. The court further said that 'The Mississippi statute created merely a temporary inference of fact that vanished upon the introduction of opposing evidence. . . That of Georgia, as construed in this case, creates an

inference that is given effect of evidence to be weighed against opposing testimony, and is to prevail unless such testimony is found by the jury to preponderate. The presumption raised by § 2780 is unreasonable and arbitrary, and violates the due-process clause of the fourteenth amendment. Manley v. Georgia (279 U. S. 1, 49 Sup. Ct. 215, 73 L. ed. 575); McFarland v. American Sugar Co., 241 U. S. 79 (36 Sup. Ct. 498, 60 L. ed. 899); Bailey v. Alabama, 219 U. S. 219 (31 Sup. Ct. 145, 55 L. ed. 191).' Thus the Supreme Court of the United States by clear implication holds that the Mississippi statute, which we have under consideration, would be unconstitutional and void if the Supreme Court of that State had held that it had any greater effect than to create a mere inference which would disappear whenever the railroad company introduced any evidence tending to disprove the existence of such negligence.

"In view of the construction of the Mississippi statute by the Supreme Court of that State and the Supreme Court of the United States, we feel constrained to hold that the instruction complained of by the railroad company was erroneous, and that a new trial should be granted." *Seaboard A. L. R. Co. v. Fountain,* 173 Ga. 593, 598 (160 SE 789).

See also *Central of Ga. R. Co. v. Cooper,* 45 Ga. App. 806 (165 SE 858); *Slaton v. Southern R. Co.,* 45 Ga. App. 781 (165 SE 883); *Macon, &c. R. Co. v. Stephens,* 66 Ga. App. 636 (19 SE2d 32); *Georgia Power Co. v. Braswell,* 48 Ga. App. 654, 657 (173 SE 763); *Atlantic C. L. R. Co. v. Parker,* 90 Ga. App. 251 (1, 2) (82 SE2d 706); *Atlantic C.L.R. Co. v. Bennefield,* 91 Ga. App. 835 (87 SE2d 219); *Georgia Southern &c. R. Co. v. Wilson,* 93 Ga. App. 94 (3, 4) (91 SE2d 71); *Ellis v. Southern R. Co.,* 96 Ga. App. 687 (2) (101 SE2d 230); *Atlantic C. L. R. Co. v. Paulk,* 104 Ga. App. 316 (121 SE2d 688); *Brown v. Kirkland,* 108 Ga. App. 651, 654 (2) (134 SE2d 472).

The railroad has made a full disclosure of the circumstances surrounding the collision of the complainant's automobile and the defendant's train and the evidence adduced was sufficient to tend to dispute each and every allegation of negligence. We accordingly hold, pursuant to the above authorities, that the trial

judge erred in charging Code § 94-1108.

*Judgment reversed. Marshall and McMurray, JJ., concur.*

ARGUED JANUARY 6, 1976 — DECIDED MAY 7, 1976 — REHEARING DENIED MAY 27, 1976.

*Nixon, Yow, Waller & Capers, John D. Capers,* for appellants.

*Nicholson, Fleming & Blanchard, Jim Blanchard, Jr., Eugene M. Kerr,* for appellees.