### 32350. FOX et al. v. FIRST NATIONAL BANK OF GAINESVILLE et al.

NICHOLS, Chief Justice.

This is an appeal from a grant of a motion for summary judgment in favor of the defendant, First National Bank of Gainesville. The bank was designated as trustee of a testamentary trust created under the terms of the last will and testament of Joel A. Martin. According to the trial court's findings, Item 13 of that will provided that the residue of the estate should be placed in charitable trust to be managed and reinvested by the defendant bank for the Redwine Methodist Church for a period of five years. The will further stipulated that the corpus of the trust should be distributed according to

Georgia's intestate laws if construction of a new church building was not undertaken within five years from Mr. Martin's death. The bank was to pay from the trust $3 for every dollar raised by the church. There was no conflict in the evidence that sufficient money was raised by the church and that the construction began within the allotted time.

The plaintiffs filed suit on September 5, 1975, alleging that they were the intestate heirs of Joel Martin, that construction of a new church building had not been undertaken within five years from the testator's death, that they were the lawful owners of the trust property and that the bank had wrongfully distributed the corpus to the building fund of the church. The plaintiffs prayed for injunctive relief, prohibiting further distribution, for accounting and settlement, and for distribution of the property to them. The trial court found that the evidence showed without conflict that the corpus was fully distributed on May 18, 1975, prior to the filing of the plaintiffs' lawsuit, and the plaintiff does not contest such holding.

Since there was a complete distribution of the trust corpus before the plaintiffs filed their action, injunctive relief to compel the bank to pay any balance of the corpus to the heirs is not available. The plaintiffs' only real legal theory against the bank is for violation of fiduciary duties for failure to exercise the ordinary diligence of a prudent man. The plaintiffs seek to surcharge the bank for alleged losses to them resulting from violation of these fiduciary duties. This is not a case over which this court has jurisdiction. In *Furlow v. Sanders,* 189 Ga. 614 (7 SE2d 181) (1940), it was held that the Court of Appeals, not the Supreme Court, had jurisdiction over a case contesting the fairness and good faith of an executor in an action for final settlement and accounting.

Accordingly, this case is transferred to the Court of Appeals.

*Transferred to the Court of Appeals. All the Justices concur.*

Submitted June 13, 1977 — Decided September 7, 1977.

*Lawson & Brown, George W. Brown, Jr., Thomas J. Cullen,* for appellants.
*Robinson, Harben, Armstrong & Millikan, Troy R. Millikan, Emory F. Robinson,* for appellees.