## 55110. FOX et al. v. FIRST NATIONAL BANK OF GAINESVILLE et al.

BELL, Chief Judge.

This is a suit, brought by the heirs at law of Joel A. Martin, for a final settlement and accounting of a testamentary trust. Plaintiffs appeal from a grant of a motion for summary judgment to the defendant bank. The Supreme Court transferred the case to this court. *Fox v. First Nat. Bank of Gainesville,* 239 Ga. 491 (238 SE2d 44). *Held:*

1. Defendant bank was designated executor of the Martin will and trustee of a charitable trust created under the will. Item thirteen of the will provided that the residue of the estate should be placed in a charitable trust for the Redwine Methodist Church for a period of five years. The will further stipulated that the corpus of the trust should be distributed according to Georgia's intestate laws if construction of a new church building was not undertaken within five years from Mr. Martin's death.

The trial court, in granting summary judgment, found that the defendant acted with the ordinary diligence of a prudent man in the administration of

the trust, the standard imposed by our statutes. Code §§ 108-402 and 105-201. It is undisputed that the construction of a church building began within the allotted time, that according to the will's terms, sufficient money was raised by the Redwine Church to permit the trustee to distribute matching funds, and that there was a complete distribution of the trust corpus before plaintiffs filed their action. It is further undisputed that, as soon as it was notified by the Redwine Methodist Church of plans for proposed construction, the defendant trustee required the submission of the plans and specifications of the proposed building. In addition, the defendant required the architect's certification that the project when completed would constitute the construction of a new building. This certificate, along with the plans and specifications, was submitted by the defendant to its attorney, who later reported to the trust committee that they legally qualified for funding under the terms of the will. All inquiries by defendant revealed the building to be new. The project's building contractor testified that a modern brick veneer building replaced an old frame structure, and there is no similarity between the two. At his deposition he stated that the old church building was stripped to its bare frame, and that a new building was constructed over and around the old frame. None of these above facts which show that the proposed building was a new structure were contradicted by plaintiffs. The trial court found these uncontradicted facts to be sufficient to demand a finding that the trustee acted in good faith with the ordinary diligence of a prudent man in determining that the conditions of the trust were fulfilled. The issue of ordinary care need not be submitted to the jury where the undisputed facts show the exercise of ordinary care. *Atlantic C. L. R. Co. v. Carver,* 81 Ga. App. 26 (57 SE2d 692). Plaintiffs' only evidence submitted in opposition to defendant's motion for summary judgment was the affidavit of an architect who gave his professional opinion that the project consisted of remodeling the existing sanctuary and therefore did not result in a "new" sanctuary building. The issue, however, is not whether the building was "new" or "old" but whether the trustee acted with ordinary diligence as required by Code §

108-402. The affidavit of plaintiffs had no probative evidentiary value on the subject of the trustee's diligence. The trial court did not err in granting summary judgment to the defendant.

2. Plaintiffs argue that the trial court erred in granting defendant's motion for summary judgment by reciting that the trustee had "discretionary powers" granted in the trust instrument. This contention is meritless as there is clearly no indication in the judgment that the trial court granted the summary judgment on grounds other than that the trustee acted with the ordinary diligence of a prudent man as required by the statute.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

Argued January 17, 1978 — Decided February 20, 1978.

*Lawson & Brown, George W. Brown, Jr., Thomas J. Cullen,* for appellants.

*Robinson, Harben, Armstrong & Millikan, Emory F. Robinson, Troy R. Millikan,* for appellees.