67757. SOUTHERN RAILWAY COMPANY v. JAMES.

BANKE, Judge.
The plaintiff was struck by a train while attempting to cross the tracks at a point apparently not designated as a public crossing. This appeal is from a judgment entered on a jury verdict in his favor in his personal injury action against the railroad. The sole issue is whether the court erred in giving the following charge: "I charge you that the evidence of injury inflicted by the running of locomotives or cars of a railroad company is prima facie evidence of a lack of reasonable skill and care on the part of employees of the railroad company." The charge is virtually a verbatim quote from OCGA § 46-8-292. (Ga. L. 1929, p. 315, § 1; former Code § 94-1108). *Held*:

The statute " 'makes proof of an injury inflicted by the running of locomotives or cars prima facie evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury . . . [I]t was intended to operate only when the facts

were not or could not be produced, in which event the burden was upon the company to produce the facts which are, as a general rule, peculiarly within its knowledge . . .' [Cits.]" *Seaboard Coast Line R. Co. v. Wroblewski*, 138 Ga. App. 793, 794 (227 SE2d 438) (1976). "Where . . . testimony is introduced tending to explain every material fact connected with the infliction of the injury, and to rebut every allegation of negligence, the presumption is dead, and the case is to be decided upon its facts alone." *Louisville & Nashville R. Co. v. Bennett*, 89 Ga. App. 534 (80 SE2d 195) (1954).

The plaintiff's complaint alleges that the defendant railroad was negligent in failing to keep a constant and vigilant lookout, failing to give warnings by whistle or bell, and otherwise failing to exercise due care in the vicinity of an intersection. It appears that the train was engaged in coupling operations at the time the accident occurred. At trial, each member of the train's crew testified as to what he was doing at the time, and each was examined on the issues of whether diligence was exercised in keeping a lookout and whether adequate warnings were given. Since this testimony purported to explain all of the material facts connected with the injury and to rebut the allegations of negligence, the presumption of liability on the part of the railroad was not applicable, and the case should have been submitted to the jury without reference to that presumption. Accordingly, we hold that the trial court erred in giving the charge.

*Judgment reversed. Shulman, P. J., and Pope J., concur.*

DECIDED FEBRUARY 14, 1984 —
REHEARING DENIED MARCH 2, 1984.

*Joseph H. Davis, Sampson M. Culpepper*, for appellant.
*Charles M. Cork III, W. Carl Reynolds*, for appellee.