## A90A2334. MUNGER v. CENTRAL OF GEORGIA RAILROAD COMPANY.

(404 SE2d 647)

Pope, Judge.

Plaintiff/appellant Charlene Munger, individually, and as executrix of the estate of Julius Lee Taylor, Munger's son (hereinafter "plaintiff"), brought suit against defendant/appellee Central of Georgia Railroad Company ("railroad") for allegedly causing injury to and the wrongful death of Julius Lee Taylor. The trial court granted summary judgment to the railroad and plaintiff brings this appeal.

Taylor, a boy of 17, was on his way home around 7:00 p.m. on December 4, 1986, accompanied by his friend, Trey Bryant. When the two reached the football field at the high school, they split up. Bryant urged Taylor to walk with him to a point where Bryant's father was to pick him up in his car and ride home with them. Taylor refused and indicated he would get home by crossing the railroad trestle on foot. The record shows many people in the community, including Taylor's mother, customarily used the trestle as a shortcut. Bryant warned Taylor it was too dangerous to walk on the trestle in the dark. Taylor ignored him and headed for the trestle. The trestle in question extends over 300 feet and is approximately 60 feet high. Stands formerly used to hold water barrels were attached to the trestle.

When the engineer in charge of defendant's train, who was maintaining a lookout ahead, first caught sight of Taylor in the beam of his headlight, he saw that Taylor was on the northernmost barrel stand, stretched out on his side apparently trying to get out of the way of the train. Immediately upon sighting Taylor, the engineer applied all brakes to stop the train. However, the train, traveling approximately 35 miles per hour as it approached the trestle, could not stop before it passed the barrel stand occupied by Taylor. After the train stopped, the flagman went to look for Taylor. He found him below the trestle. Although the only outward sign of injury was a cut on the boy's hand, the flagman knew he was severely injured and radioed for help. Taylor died shortly thereafter.

None of the four crew members operating the train the night of the accident had previously seen anyone on the trestle. Evidence was presented that one employee of defendant, whose duties included inspecting and maintaining the trestle, had seen people walking on it. However, he had never reported this fact to anyone else within the company. *Held*:

We affirm. "A person who crosses the tracks of a railroad company, not at a public crossing, or at a private crossing established by law, or at a crossing which the railroad keeps up or helps to keep up, but at a place where people are accustomed to cross, and where the railroad has done nothing in an affirmative way, and has merely taken

no action to prevent such customary crossing, is a trespasser. The mere fact that the public may have been accustomed to travel on foot along a certain portion of the right of way of a railroad company, and that no measures have been taken to prevent it, does not of itself operate to constitute a person so using the track a licensee of the company; and, in the absence of the company's permission for such use, such unauthorized custom does not change the relation of one so using the property of the railway company from that of a trespasser." (Citations and punctuation omitted.) *Luck v. Western & Atlantic R.*, 73 Ga. App. 197, 202 (1) (36 SE2d 59) (1945).

"Ordinarily the only duty owing by a railway company to a trespasser upon or about its property is not to wantonly or wilfully injure him after his presence has been discovered. . . ." *Hammontree v. Southern R. Co.*, 45 Ga. App. 728 (1) (165 SE 913) (1932). "The duty of a railroad company to exercise ordinary care to avoid injuring trespassers on its tracks, at places other than those where the servants of the railroad company engaged in operating trains have reason to anticipate the presence of trespassers on the tracks, does not begin until the presence of the trespassers on the tracks becomes known to the servants of the railroad company operating the train. [Cits.]" *Central of Ga. R. Co. v. Tapley*, 145 Ga. 792, 793 (4) (89 SE 841) (1916).

Applying the foregoing law to the facts of this case, we conclude the trial court correctly granted summary judgment to the railroad. The record shows the railroad met its legal duty to Taylor. None of the crew members had ever seen anyone walk on the trestle. There was no reason to anticipate Taylor's presence. Immediately upon discovering his presence on the trestle, the engineer did all he could do to stop the train to avoid injury to Taylor. That the bridge inspector had seen people use the trestle previously does not change the result. Because that employee had nothing to do with the running or operation of trains, but only with the safe maintenance of the tracks, his knowledge is not imputable to those who ran the train. See *Comer v. Hill*, 101 Ga. 340, 342 (1) (28 SE 856) (1897); cf. *Underwood v. Western & Atlantic R. Co.*, 105 Ga. 48, 50 (31 SE 123) (1898). The evidence adduced by the railroad rebuts the presumption of negligence granted plaintiff by OCGA § 46-8-292 (formerly codified as Ga. Code Ann. § 94-1108). See *Southern R. Co. v. James*, 170 Ga. App. 73 (316 SE2d 159) (1984); *Seaboard Coast Line R. Co. v. Wroblewski*, 138 Ga. App. 793 (227 SE2d 438) (1976).

An additional reason exists for the grant of summary judgment. "It is the grossest kind of negligence to walk upon a long and very high trestle of a railroad over which trains are constantly passing." *Atlanta & Charlotte Air-Line R. Co. v. Leach*, 91 Ga. 419, 420 (1) (17 SE 619) (1893); accord *Phillips v. East Tenn. &c. R. Co.*, 87 Ga. 272 (13 SE 644) (1891). Taylor's actions in going upon the trestle and re-

lying on the barrel stand as a place of safety in the event a train passed constituted assumption of the risk and would bar recovery.
*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 15, 1991 —
REHEARING DENIED MARCH 26, 1991 — 

*John M. Brown*, for appellant.
*Hall, Bloch, Garland & Meyer, F. Kennedy Hall, J. Steven Stewart*, for appellee.